# CHARLESTON.

A. B. WILLIAMS *et als. v.* COUNTY COURT OF LINCOLN COUNTY.

Submitted January 17, 1922.    Decided January 24, 1922.

1. COUNTIES—HIGHWAYS—*County Court Cannot be Sued for Money Due on Contract Until Itemized Statement Presented and Refused; Claims for Breach of Contract for Road Building Must be Presented Before Suit Thereon.*

   A suit cannot be maintained against a county court upon any claim for a sum of money founded on contract (except a county order) until an itemized statement thereof has been presented to the court, or filed with its clerk, and the court has refused to allow such claim in whole or in part, or has refused to act thereon as provided in sections 40 and 41 of chap. 39, Code, 1918.  A claim for damages arising out of a breach of contract for road building is such a claim as is required to be so presented to a county court. (p. 70).

2. CONTRACTS—*Instruction as to Rights of Parties After Breach Held Properly Refused.*

   An instruction which in effect tells the jury that if one party to a contract has broken the same in the "first instance", that then the other party (at any time thereafter during the performance of the contract) may regard the cantract as broken, quit performance of the same and maintain suit for the amount then due him, is erroneous and misleading and properly refused in a case where, after the alleged breaches, the other party continued performance thereof and received payments thereon as provided in the contract.  (p. 71).

3. TRIAL—*Instruction Assuming Facts Not Supported by Evidence Properly Refused.*

   An instruction which assumes a fact of which there is no competent evidence is properly refused.  (p. 72).

4.  APPEAL AND ERROR—*Error, Predicated on Improper Evidence Not Objected to, will Not be Considered.*

    Error, predicated upon the introduction of improper evidence which has been permitted to go to the jury without objection or exception, cannot be considered in the appellate court. (p. 73).

Error to Circuit Court, Lincoln County.

Action by A. B. Williams and others against the County Court of Lincoln County. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*Daugherty & Young,* for plaintiffs in error.

*Jacob D. Smith* and *D. E. Wilkinson,* for defendant in error.

LIVELY, JUDGE:

From a judgment against him of nil capiat rendered by the circuit court of Lincoln County on the 14th day of December, 1920, plaintiff prosecutes error.

The summons was in assumpsit, and the declaration avers that defendant entered into a written contract with plaintiffs by which the latter were to build and construct the grade for a certain county road between East Hamlin and West Hamlin for which defendant promised to pay certain stipulated prices for various items of the work, and for certain material used by plaintiffs therein such as concrete culverts, pipes, drain tile, and the like; and that defendant agreed to furnish grade line stakes and guides by which to carry on the work, and cause estimates of the work to be made each month by an engineer, on which payments were to be made on or before the 20th day of each month; but that defendant failed to carry ont its contract in that it failed to furnish grade lines, stakes and locations, refused to make up said estimates and refused to make payments as agreed, by reason of which failures plaintiffs were damaged $10,000.00; and that plaintiff had performed work under contract amounting to $34,-856.10 but that defendant had failed to pay for same except such credits as were shown by an account filed with the

declaration, to the damage of plaintiff $10,000.00.    There was no demurrer interposed.    The general issue of non-assumpsit was made up, and defendant filed notice of recoupment.    Williams, one of the plaintiffs, testified to the correctness of his account filed as a bill of particulars and which amounted to $34,412.76, including an item of $500.25 for dynamite and powder used and paid for by him which last item he claimed should have been furnished by defendant at its own expense under the terms of the contract. To this sum of $34,412.76 he added the further sum of $1,392.00 which he claimed as damages for delays occasioned by failure of defendant to furnish line stakes as required and by changing the grade.    The credits he admitted amounted to $29,-530.76, leaving due him the sum of $6,274.00.    Defendant proved by S. E. Bradley, J. E. Doyle, both engineers, and others that the work done by plaintiffs, including force account, amounted to $30,183.79 and that defendant had paid thereon $30,157.88; and that it had furnished plaintiffs supplies consisting of dynamite, powder, caps, fuse and the like, amounting to $1,632.18, and that plaintiffs had been over paid by defendant the sum of $1,606.27.    An effort was made to show under the notice of recoupment that it had or would cost defendant something like $20,000.00 to complete the contract after plaintiff has given it up, more than it would have cost if plaintiff had completed it under its terms.    This evidence was given by Engineer Bradley.    It is not clear from the record whether or not this evidence was excluded. A motion to exclude all of this witness' evidence as to custom of interpretation of the word "material" as used in road contracts, "and so forth" made at the conclusion of his evidence was sustained.    Whether the "and so forth" included his evidence on the recoupment is uncertain; but the county court is not complaining.    No evidence was offered by plaintiff to contradict the evidence of Bradley on the matter of recoupment.

An instruction was offered by defendant to the effect that if the jury believed that plaintiffs failed to complete the work provided for in the contract, and that defendant on account thereof was compelled to readvertise and relet the

same; and that it cost more money by reason of plaintiffs' failure to comply with the contract, then defendant had the right of offset to the amount of the difference between the contract price, and what it actually cost under the reletting, unless the jury further believed that plaintiffs' failure was caused by the action of the county court. This instruction was refused, whether because it was inaptly drawn, or because of the evidence on which it was predicated, does not appear.

One of the grounds assigned as error is that the court "allowed the recoupment to go to the jury without evidence to support it." We do not perceive the relevancy of the objection. If the evidence was excluded, plaintiff was benefitted and cannot complain. Certainly defendant had the right to file notice of recoupment and attempt to introduce evidence to sustain it. There was evidence tending to show that up to September 5, 1918, there was no serious friction in the performance of the contract. About that time a difficulty arose between Bartrug, the engineer who was connected with the road making and employed by defendant to oversee this work, and plaintiff Williams, possibly a serious altercation arose between them, degenerating into a fight, and then plaintiffs announced that they would not continue in the work under Bartrug, and wanted a final settlement and release from the contract. Then it was that Bradley and Doyle, both competent engineers, were called in to make the final measurements, both parties agreeing to abide by their measurements. Possibly the court refused the instruction on the recoupment evidence for this reason. The evidence tended to show that plaintiffs desired to cease the work, with consent of defendant.

Plaintiffs' evidence relative to their damages was excluded because this claim had not been presented to the county court, or filed with the clerk prior to the institution of the suit as provided in chap. 39, secs. 40 and 41, Code, 1918. Under this statute every person having a claim or demand against a county "shall file with the clerk of the county court thereof an account or statement of the same, fully setting forth the items"; and "no suits shall be brought against a county

court for any demand for a specified sum of money founded on contract * * * * until such demand has been presented to such court and disallowed by them in whole or in part'' etc.   There is no pretence that this claim for damages had been presented to the county court before suit was instituted. It will be observed from inspection of the declaration that there are two distinct claims sued on; (1) the amount of money claimed for work and material furnished under contract, and (2) damages caused by a breach of the contract in not furnishing grade lines, stakes and locations, and failure to make up estimates of work done and pay money promptly under the estimates. We think the court properly refused to permit evidence as to the damages claimed, under the statute above partially quoted and under *Chapman* v. *County Court,* 27 W. Va. 496; *Yates* v. *County Court,* 47 W. Va. 376; and *Barbour* v. *County Court,* 85 W. Va. 359.

Two instructions for plaintiffs were refused and error is predicated thereon. The first instruction is to the effect that if defendant ''broke its contract in the first instance,'' that then plaintiff had the right to treat the contract as broken and be discharged from further performing it, and if they find he did so treat it he had the right to sue for all work done under the contract which then became due by law'' and the jury should find for the plaintiff in such sum as they may find defendant owes him, if any, for labor and material, less what had been paid on account thereof. This instruction is misleading.   It tells the jury that plaintiff could take advantage of any non-performance of the contract, consider and treat it as broken, be discharged therefrom if he so desired to quit, and then sue for all the work and material which then became due.   It told the jury that plaintiff could hold in abeyance his right to quit performance until such time as he desired if defendant ''broke the contract in the first instance.''   The instruction was misleading in view of the evidence. The breaches of the contract asserted consisted in failure of defendant to promptly furnish guide line stakes, make monthly estimates and make prompt payments, thereby causing delay and consequent damage to plaintiffs. The evidence was that these alleged breaches occurred largely

in the beginning of the work, but that plaintiffs continued for nearly a year thereafter and there was no serious friction until for some cause plaintiffs became dissatisfied with Bartrug, the engineer, and had a serious personal difficulty with him. It was on account of this difficulty that plaintiff asked to be relieved from further performance, and asked for other engineers to make surveys and estimate of the work which were to be the basis of final settlement. *Toney* v. *Sandy Ridge C. & C. Co.*, 84 W. Va. 35; *Ashland C. & C. Co.* v. *Hull C. & C. Co.*, 67 W. Va. 503.

The second instruction for plaintiffs, refused, was to tell the jury it might find a reasonable value for such labor and materials not mentioned in the contract sued on if such labor and materials were furnished at the request of defendant or its authorized agent, the engineer, and accepted by defendant, "in addition to their finding, if any, under the instructions next preceding." There were no "instructions next preceding." There were only two offered and the other had been refused. There are other reasons justifying the refusal, among which is the assumption of the fact that the engineer was the authorized agent to bind defendant for services and material requested by the engineer and not contemplated by the contract. There was no such agency shown. Moreover, the contract alone is declared upon in the amended declaration. The common counts were incorporated in the original declaration, but plaintiffs, upon their motion, amended, and, in their amended declaration, left out the common counts and made no reference to the original declaration. Where an amended declaration makes no reference to the original the latter is considered as abandoned. *Bartley* v. *Western Maryland Railway Co.*, 81 W. Va. 795; *Shafer* v. *Security Trust Co.*, 82 W. Va. 618.

Another alleged error is that defendant subpoenaed Bartrug, the engineer, and failed to use him as a witness, to the prejudice of plaintiffs' case. The estimates, monthly and otherwise, of the work and material made by Bartrug did not correspond with the final estimates made by Bradley and Groves. Plaintiffs relied largely upon these estimates made by Bartrug prior to about September 5, 1917, when

they refused to continue the work if Bartrug was retained on the work as engineer. Much of. the difference in the mutual accounts is explained by the difference in Bartrug's preliminary estimates, and the final estimates of the other two engineers. If plaintiffs desired the evidence of Bartrug. the fact that he had been summoned as a witness for defendant would not preclude his introduction as a witness by plaintiffs. He was not immune from testifying because he had been summoned by either party.

The remaining assignment of error is that of refusal to set aside the verdict and grant a new trial because the verdict was contrary to the evidence. This impels a review of the evidence. It is evident that the main controversy is whether under the contract plaintiffs were to furnish dynamite, powder and caps or whether these items were to be furnished free of charge to plaintiff by defendant. An account for $1,632.18 for such items, including rental on a road grader amounting to $50.00; rental of air compressor amounting to $28.00; drag scrapers $85.50; an amount paid for barrow pit to Thornton $58.90, was charged to plaintiffs and asserted as proper charges and proved on the trial. This evidence went to the jury without objection or exception on the part of plaintiff. No motion to exclude or strike out this evidence was addressed to the court. The court was not called upon to construe the contract in that regard. By the contract plaintiffs agreed to furnish at their own proper costs and expenses "all the necessary materials, labor, tools, and appliances" to build the grade. For the work so performed defendant agreed to make up an estimate of the work done and material which had been put in place under the contract, and pay for same at stated periods, reserving 15 per centum of the monthly estimates until the work was completed. The last clause of the contract provided that defendant "agrees to furnish all material f. o. b. West Hamlin, and said parties of second part agree to take it off the cars." It is over these provisions of the contract that the contention of error in the introduction of this evidence arises, and this court is now asked to construe these provisions. It is now insisted by plaintiffs that if the claim for dynamite

and powder, including rental on road grader and other items going to make up the sum of $1,632.18 had been disallowed, then plaintiff would have been entitled to judgment for at least $15.91. The evidence both pro and con as to these charges was submitted to the jury without objection or exception. It is fundamental that in order to take advantage of an error in the introduction of evidence the party complaining must save the point by objection and exception. *Simmons* v. *Trumbo*, 9 W. Va. 358; *Stansbury* v. *Stansbury*, 20 W. Va. 23. Had objection been made to the evidence and the point fairly raised and overruled, the Court thereby holding that dynamite, powder and caps were "materials" to be furnished by the contractor under the contract, a casual inspection of the terms of the contract leads us to believe that there would have been no error in thus holding and permitting evidence of the account as a proper charge. Dynamite, powder, caps and the like are used to lessen labor and expedite work, and, under the methods used in modern road building, would be a necessary part of the equipment for that purpose, as much of a necessity as picks, shovels, drills, wheelbarrows and mules.

Perceiving no reversible error, the judgment is affirmed.

*Affirmed.*