# CHARLESTON,

E. L. ROBERTS *et al.* v. B. E. LYKINS

(No. 5692)

Submitted October 12, 1926.   Decided October 26, 1926.

1. APPEAL AND ERROR—*Error Not Specified on Motion for New Trial, or Not Made Subject of Special Bill of Exceptions, Will be Treated as Waived.*

   Error not specified on a motion for a new trial or not made the subject of a special bill of exceptions, will be treated as waived. *Dransfield* v. *Motor Co.,* 102 W. Va. 370; *Treadway* v. *Coal Co.,* 102 W. Va. 135; *Proudfoot* v. *Transporta-*

*tion Co.*, 100 W. Va. 733; *Trippett* v. *Public Service Co.*, 100 W. Va. 319; *Guyandotte Coal Co.* v. *Elec. & Mach. Works*, 94 W. Va. 300; *Moorefield* v. *Lewis*, 96 W. Va. 112; *State* v. *Jones*, 77 W. Va. 636; *State* v. *Henaghan*, 73 W. Va. 706; *Gregory's Admr.* v. *R. Co.*, 37 W. Va. 606.   (p. 412.)

(Appeal and Error, 3 C. J. § 849 ; 4 C. J. § 1786.)

2.   TRIAL—*Instruction, to Support Which There is no Evidence, is Improper; Where Plaintiffs Did Not Show Actual Representation by Defendants That Lease Sold Included Barber Shop, Instruction to Consider Rental Value of Shop in Determining What Rent Actually Costs Plaintiffs Was Error.*

An instruction to support which there is no evidence in the case is improper, and should not be given.   (p. 413.)

(Trial, 38 Cyc. p. 1618.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Fayette County.

Assumpsit by E. L. Roberts and another against B. E. Lykins.   Judgment for plaintiffs, and defendant brings error. *Judgment reversed; verdict set aside; new trial awarded.*

*Osenton & Lee*, for plaintiff in error.
*Hubard, Bacon & Holt*, for defendants in error.

WOODS, JUDGE:

The circuit court of Fayette county entered judgment on an $1,820.00 verdict found for plaintiffs in their action of assumpsit, and the defendant claims error.

In the year 1921, plaintiff, E. L. Roberts, and defendant, B. E. Lykins, and S. D. Lykins, now deceased, entered into a partnership, each owning a 1/3 interest, for the purpose of conducting a mercantile business under name of Men's Shop, in the town of Mount Hope.   S. D. Lykins obtained a lease for the store room in which the business was conducted, said room being located in the Central Hotel Building, then owned by Mrs. Rosa F. Bailey and her two daughters.   E. L. Roberts had active charge of the business.   Early in April, 1924, because of some dissatisfaction between Roberts and the other members, the latter offered to buy out the former for $5,000.00.   Roberts refused.   Shortly after, to-wit, April

22, 1924, Roberts and a man named Carper closed negotiations with the Lykins brothers for their two-thirds interest, and the four entered into and signed a written contract of sale, B. E. Lykins acting for himself and brother. By the terms of this contract B. E. Lykins and S. D. Lykins sold and conveyed to Roberts and Carper, in consideration of $8,000.00, their interest in what was known as the Men's Shop, of which Roberts and Carper were to assume all indebtedness, etc. The plaintiffs contend that the defendant, during negotiations, represented that he had a five-year lease on the building, and would assign same to plaintiffs along with the sale of his interest in the partnership; the defendant, however, denies these allegations, insisting that he had no such lease and expressly told the plaintiffs that it would be necessary for them to make arrangements with Mrs. Bailey for a lease, as his informatiion was that such lease as had been given for said premises was in the name of his brother, S. D. Lykins, and was not transferable. It is admitted by all the parties that about the time the contract of sale was executed that the plaintiffs had a written contract prepared to be executed by Mrs. Bailey, as guardian of her two daughters, agreeing to rent plaintiffs, as Men's Shop, "the store room they now occupy on the same terms and conditions as the lease now in force on said store room until my attorney can prepare proper lease, and I further agree that said lease will cover the same property and carry the same rent as said lease now in force when prepared." This paper was taken to Mrs. Bailey by Roberts before the checks were delivered to B. E. Lykins for the property. At the suggestion of Carper, defendant accompanied Roberts. The parties returned and Roberts informed Carper that Mrs. Bailey would not sign the contract presented to her because her attorneys had advised her not to sign any papers without their inspecting them, but that she would have a new lease drawn up for the same and send it down right away. The said Carper then asked Lykins if that was correct and Lykins answered that it was what Mrs. Bailey had said. Thereupon the checks were delivered by Carper to Lykins.

Some two weeks later the plaintiffs received a draft of a new lease from Mrs. Bailey which lease set the rent for the store room at one hundred dollars per month as against the fifty dollars per month paid by the original partnership. The question of whether the basement barber shop was embraced in the old lease, and the part that the rental therefor occupied in the transaction, will be dealt with later in this opinion.

The defendant sets out some seven errors which he claims to have been made by the trial court in the introduction and rejection of testimony. These assignments cannot be considered on this hearing, since the evidence sought to be rejected or introduced was not made the subject of special bills of exceptions, nor particularly pointed out to the trial court by defendant in the grounds of his motion for a new trial. *Proudfoot* v. *Transportation Co.*, 100 W. Va. 733; *Trippett* v. *Public Service Co.*, 100 W. Va. 319; *Guyandotte Coal Co.* v. *Electric & Machinery Works*, 94 W. Va. 300; *Moorefield* v. *Lewis*, 96 W. Va. 112; *State* v. *Jones*, 77 W. Va. 636; *State* v. *Henaghan*, 73 W. Va. 706; *Gregory's Admr.* v. *R. R. Co.*, 37 W. Va. 606. The foregoing principle has been recently emphasized and re-affirmed by this Court in *Treadway* v. *New River & Pocahontas Consolidated Coal Co.*, 102 W. Va. 135, and in *Dransfield* v. *Motor Company*, 102 W. Va. 370.

As a defense to this action Lykins claimed: (1) That he never represented to the plaintiffs that he and his brother had a lease on the store building and never agreed to transfer the same to the plaintiff; (2) that such agreement, if made, to be binding, would have to be in writing; and (3) that, if he did make such representations and agreement, the plaintiffs did not rely upon them, but relied upon the later promise and agreement of Rosa F. Bailey. As we have shown there is a writen contract by the terms of which the defendant and his brother sold their interest in the business known as the Men's Shop. Had the plaintiffs attempted to show that there was an independent oral contract to assign the lease, made at the time the undertaking was reduced to

writing, it would not have been permitted under the well established rule that the writing is conclusively presumed to embrace the extent of the engagement. *Jones* v. *Kessler,* 98 W. Va. 1. But not so here, for the plaintiffs rest their case upon representations made by the defendant of the existence of a lease and the promise to assign the same as an inducement to them to enter into the contract. The plaintiffs introduced appreciable evidence to the effect that the lease was in fact, and that the defendant represented it to be, a part of their interest in said business. Such being the case the written contract here constituted a written agreement to transfer or assign it to the plaintiffs. The formal assignment of the lease, including the securing of consent of Mrs. Bailey, if such was necessary, was merely a performance of a part of the obligations defendants incurred under the written contract; hence the statute of frauds does not apply.

The instructions of the plaintiffs told the jury that if they believe from a preponderance of the evidence that the defendant sold the plaintiffs a two-thirds interest in the business of the Men's Shop and represented that he and his brother had a lease on the store-room which constituted a part of their interest in the Men's Shop, and agreed that he would procure the consent of the landlord and assign and transfer the unexpired term of the lease to the plaintiffs, and that the plaintiffs relied upon said representation and that the said defendant failed to procure the consent of the landlord and failed to assign said lease and that the plaintiffs suffered loss thereby, that the plaintiffs were entitled to recover. By these instructions and the instructions embodying the defense, the controlling questions of fact were matters for jury determination.

As the record now stands, while the instructions, with the exception of that relating to measure of damages, are not entirely free from error, we find no error for which we would go to the extent of reversing the case because of the giving of any on behalf of the plaintiff, or in the action of the court in refusing certain instructions offered by the defendant. The instructions relating to the measure of

damages told the jury they should take into consideration the rental value of the barber shop in determining what said rent actually cost the plaintiffs during the unexpired portion of the period of five years—May 1, 1924, until September 1, 1926. We find no evidence that would warrant the giving of this instruction. The plaintiffs do not show that the defendant made any actual representation that the lease included the barber shop. The lessor testified that the old lease did not include it. Roberts, one of the plaintiffs, says that he asked F. D. Lykins, ''Does our contract include this room?'' meaning the barber shop, to which he responded, ''I don't know, but I will see.'' The room was later fixed up and rented by the partnership. It does not appear what was expended by the partnership in making it ready for occupancy. Mrs. Bailey says that it was only used by sufferance. We do not think there was sufficient evidence submitted on this question to present a question for the jury. It was therefore error to give to the jury the instruction telling them they had a right to consider the rent obtained from the barber shop as an element of damages.

As the case must go back for a new trial, we express no opinion as to the weight of the testimony; nor do we consider a further discussion of the instruction necessary, since they are based upon evidence which may be materially changed upon a re-trial.

*Judgment reversed; verdict set aside; new trial awarded.*