# CHARLESTON.

ROSA L. NEAL v. CITY OF BLUEFIELD

(No. 6079)

Submitted February 8, 1928. Decided February 14, 1928.

1. EMINENT DOMAIN—*Natural Street Grade, Recognized by Municipality, Becomes Established Grade, and Municipality is Liable to Property Owners for Damages for Change Therein.*

    If a street be opened by the owner of land on the natural surface as the grade line thereof, which is traveled and recognized by a municipality as one of its streets, and owners of lots abutting thereon build on such street with reference to such natural grade before the municipality has undertaken to establish a different grade, the natural grade becomes the established grade, and the municipality will render itself liable in damages for any injury to the property of an abutting owner resulting from a change in the grade. (p. 204.)

    (Eminent Domain, 20 C. J. § 153.)

2. SAME—*Dedication of Street Gives City Right to Eliminate Irregularities, But Not to Change Grade or Improve it, Practically Destroying Abutting Property, Without Compensating Owner.*

    While the owner by such dedication of a public street implies the right to eliminate any irregularities of the ground to

such an extent as to make the street better suited for general use, without liability for consequential damages, no right is thereby implied to so change the grade or improve the street as to practically destroy the property, without compensating the owner thereof.   (p. 205.)

(Eminent Domain, 20 C. J. § 153.)

3.   SAME—*Property Owner Must be Compensated for Damages From Material Alteration in Natural Street Grade Accepted by City.*

In such a case any material alteration in the grade resulting in injury to property must be compensated for in damages.

*Quaere:* If a street be laid out by its owner on a hillside with gentle slopes each way giving ready access from the traveled way to abutting lots on each side, may a municipality cut down or fill up the street so as to reduce the street to the grade of such traveled way and thereby destroy any access to such abutting lots, without compensating the owner for the damages thereby sustained? Mooted, but not decided. (p. 205.)

(Eminent Domain, 20 C. J. § 153.)

4.   APPEAL AND ERROR—EMINENT DOMAIN—*Harmless Error in Instruction to Jury is Not Cause for Reversal of Judgment; Where Record Showed no Advantages to Abutting Owner From Street Improvement, Omission of Such Element From Instruction as to Damages Held Harmless Error.*

Harmless error introduced into an instruction to the jury will not constitute good cause for reversal of the judgment. (p. 207.)

(Appeal and Error, 4 C. J. § 3013.)

5.   TRIAL—*Instructions Not Based on Evidence Are Properly Rejected.*

Instructions not based on the facts established by the evidence are properly rejected.   (p. 207.)

(Trial, 38 Cyc. p. 1618.)

6.   APPEAL AND ERROR—EMINENT DOMAIN—*Verdict for Damage Through Change of Street Grade Substantially Supported by Evidence, Will Not be Set Aside as Excessive; $900 for Damages to Lot and Dwelling House From Change of Street Grade Held Not Excessive.*

Where the amount of the damages awarded in a suit for injury sustained by changing the grade of a street has substantial support in the evidence, the verdict will not be set aside as excessive.   (p. 208.)

(Appeal and Error, 4 C. J. § 2847; Eminent Domain, 20 C. J. § 568.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by Rosa L. Neal against the City of Bluefield. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Wm. E. Ross* and *Robt. Baker,* for plaintiff in error.
*A. J. Lubliner* and *John Kee,* for defendant in error.

MILLER, PRESIDENT:

Plaintiff being the owner of a lot 50 x 417 feet, a part of Lot No. 16 of the Karr and McClaugherty Trustee's Addition to the City of Bluefield, abutting on Hill Avenue, sued defendant for damages resulting thereto and to the dwelling house erected thereon by her, by the lowering of the natural grade of said street and excavating the earth in front of her property, and destroying her means of ingress and egress to and from the same, as theretofore enjoyed by her. On the trial plaintiff obtained a verdict and judgment for $900.00, which judgment the defendant would have us reverse for alleged errors therein, and award it a new trial.

Plaintiff alleges that she purchased her lot from McClaugherty in November 1920, and thereafter and before defendant committed the grievances of which she complains, she erected thereon a residence where she has continued to reside and now resides, with reference to the natural grade of said street and had convenient ingress and egress by means of said avenue to and from said lot and dwelling, but that in 1925, defendant entered upon said street in front of her property and contiguous thereto and made a deep excavation therein, ranging from four to six feet in depth, for the entire width of said lot, leaving a steep and abrupt embankment immediately in front of her premises over which it is impossible for her to pass, and entirely barring her from going to and from her lot over said street, and by reason whereof she has been prevented from using her said property in so large and ample a manner as she might and otherwise would have done, and whereby the value of her property has been greatly diminished and lessened, and the market value thereof lessened to her damage $2,000.00.

The evidence shows that when plaintiff acquired her lot in 1920 she purchased with reference to the natural grade of the street as established by the owner who had dedicated it to the public use, and that the natural surface thereof was recognized by her and by other abutting owners as the grade of the street, that there was a traveled way over said street about on the center thereof and from which she had ready and easy ingress and egress to and from her property, and that it was not until 1925, that defendant entered upon the street and undertook to establish a new grade variously estimated from ten inches to two feet below the traveled way directly in front of her property, and thereafter with steam shovels made excavations up into the slope or side of the road towards her lot on such new grade, leaving her lot and house up on the air and an embankment some five to seven feet above the grade in front, which completely cuts off her means of ingress and egress and with no way to enter except to go over adjoining property or to build steps up the embankment and a road on an impossible grade for practicable use as a driveway to get in coal and other provisions for domestic use, and thereby practically destroying the value of her property.

The evidence shows that before the new grading and improvement were thus made by the defendant, the plaintiff had ready and easy access to her property on foot or by teams from the traveled way theretofore existing over the road next to her lot, but which has now been wholly destroyed by the defendant.

It is well settled that if a street be opened by the owner of land upon the natural surface as a grade line, and which is recognized and traveled by the municipality as one of its public streets, and owners of lots abutting thereon build with reference to such natural grade, before the municipality has undertaken to establish a different grade, the natural grade becomes the established grade, and the municipality will render itself liable in damages for injury to the property of such abutting owners resulting from changes in the grade. *Jones* v. *Clarksburg*, 84 W. Va. 257; *Ray* v. *Huntington*, 81 W. Va. 607; *Harvey* v. *Huntington*, 103 W. Va. 186, 136 S. E. 840;

*Harman* v. *Bluefield*, 70 W. Va. 129; *Rutherford* v. *William-son*, 70 W. Va. 402.

While it is true, as decided in *Harvey* v. *Huntington, supra*, that such a dedication of a way by the owner impliedly carries with it the right in the municipality to eliminate any irregularities of the ground to such an extent as to make it better suited for general use, without liability to such owner or to his grantees for interference with mere rights of ingress and egress, no right is thereby implied to so change the grade or improve the street as to practically destroy the property by such improvements without making compensation therefor to the owner.

Another proposition not applicable here established by the authorities is that if before building on such abutting lot, the municipality enters and establishes a new grade, the owner must conform his improvements, but will be limited to damages to the lot alone. So held in *Jones* v. *Clarksburg,* and *Ray* v. *Huntington, supra*. But this question is not involved here. Here plaintiff was unaffected by any prior action of the defendant. She accepted the natural grade established by the dedicator as the established grade and improved her property with reference thereto. The defense, however, is that defendant did not materially alter the natural grade and is not liable for the damages resulting to plaintiff's property. But we observe that it did lower the grade of the traveled way, accepting that as the natural grade of the street, without reference to the sides and slopes, and the proposition is that it can only be held liable, if at all, for such damages as may be allocated to the lowering of the grade from ten inches to two feet below that natural grade. And for so much of the damages as were thereby inflicted we think there can be no question about defendant's liability.

Speaking for myself, I have serious doubt whether a municipality has the right where the street involved has been laid out on a hillside or slope, as in this case, mainly for the benefit of abutting lot owners, to treat the surface grade of the existing traveled way as the established grade, and conform its subsequent improvements thereto. In such cases, what part of the street should be regarded as the natural

grade? The sides and slopes may and often are, as they were in this case, likely for all abutting owners, the most valuable parts of the street, and without which their lots would be practically useless. Take them away and property is rendered practically worthless. We find much authority for the proposition that in such cases as this the grade of the street is not to be defined by a straight line in the middle of the street, but may include, according to the facts and intentions of the dedicator, the whole surface of the street. In *Blair* v. *Charleston*, 43 W. Va. 62, 65, by reference to the decided cases cited, Judge BRANNON gives color to his view. Referring to *Davis* v. *Railroad Co.*, 119 Mo. 180, he says: "It is said by the court that the dedicator·should only be held to give implied consent to improvements such as would put the street in a condition safe for use on the natural surface, and the syllabus and opinion hold that an owner of a lot is entitled to consequential damages from· change of the natural surface of a legally established grade." The other cases cited and reviewed by Judge BRANNON give out like expressions. In *McGar, Adm.* v. *Bristol*, 71 Conn. 652, it is said, "Damages recoverable for a change of grade in a highway include such as may result from a change in that of the sidewalks," To return to the well considered case of *Davis* v. *Railroad Co.*, *supra,* the court referred to 2 Dillon on Mun. Corp. §§995a, 995b, and to what Judge Dillon there says on the question of liability of municipalities under constitutional provisions like ours, observes "that while Judge Dillon's rule might apply to large cities and towns, yet we do not think it would operate justly to property owners in towns and small cities." And further: "We are of the opinion, therefore, that the rule which allows compensation for consquential damages to property, caused by material changes of grade from natural surface of the street is most equitable to  property owners and best conserves the public interests, and this rule is generally adopted under similar constitutional provisions." Citing many cases.

But we are not called upon here to decide this troublesome question. Here there is no doubt that the grade of the street and of the traveled way was changed and that necessarily this

·change, ten inches to two feet, pro tanto did great injury to plaintiff's property, and to her means of ingress and egress, and materially affected the value of her property. But for that change, for ought that appears, she might have been enabled to minimize or greatly lessen her damages. The evidence does not show us—did not show the jury—what part of her total damages could properly be apportioned to the lowering of the natural grade, and what part to the work of widening of the street, so as to make it conform to the grade ·of the old or original traveled way. Not having done so, we cannot say the damages awarded by the jury included anything for such grading as it is claimed the defendant would have had the lawful right to do. Lowering the surface grade to that fixed by defendant necessarily required the removal ·of the super strata, and may not the whole of the damages have resulted therefrom? Whether the damages awarded ;should have been reduced by the amount which might be attributable to the removal of the super strata, we need not say, for the question is not presented by proof or otherwise.

Complaint is made of the court's instruction number one. It properly instructed the jury under the pleadings and proofs that the measure of damages was the difference between the market value immediately before and immediately after the improvement. It did not take into account, as perhaps it should, the question of special benefits accruing to plaintiff, if any, by the improvement. But as the record discloses none, the omission constituted harmless error.

The defendant further complains of the rejection of its instructions No. 4, 5, 7 and 8. No. 4 is technically defective for assuming that there was any evidence that there was a road or street that had been graded prior to plaintiff's pur-·chase of her lot, and that defendant would not be liable for .grading out on that level.

No. 5 proposed to tell the jury as a ground for minimizing the damages that the plaintiff had the right to use the street .and roadside to build steps and a walk up to her property, so long as they did not interfere with the use of the street by the public. Another vice of this instruction is that it proposed to tell the jury on facts assumed, not proven, that plaintiff

could be limited in her damages to the cost of building steps and a driveway up the steep embankment. Such expense would not compensate her for other damages to her property, if any. No such arbitrary right exists, and the instruction was properly rejected.

Instruction No. 7 would have told the jury that the defendant had the right to remove the bank or hillside, that was in the street, or any part thereof, so long as the property was not damaged thereby, an unwarranted assumption. The damages in this case were admitted. The question was whether plaintiff could recover them from the defendant. This depended on whether the natural or established grade had been changed after her purchase and after she had built her house. The instruction was not clear and would have tended to confuse rather than to properly instruct the jury.

Instruction No. 8 was predicated on the assumption that there was evidence justifying the court in telling the jury that plaintiff's damages were due to the widening of the street and not to the changing of the grade or elevation. There is no question about the fact of the change in the grade, and that the widening of the street was made to conform thereto; and the instruction erroneously concludes that if the defendant did not take any of the property or deprive plaintiff of any lateral support, they should find for the defendant. Plaintiff's case did not depend on any taking of her property, but on a change of the grade and resulting damages. As proposed the instruction would only have tended to confuse the jury.

Lastly, it is complained that the damages were excessive. There was substantial evidence that plaintiff's property had been totally destroyed in value, that without the means of ingress and egress, it was worthless. Of course there was some evidence to the contrary; but the questions of the fact of damages, and the amount thereof, were for the jury, and we cannot say that the verdict is groundless. The judgment is therefore affirmed.

*Affirmed.*