RICHARD LEE HOLLEN, *an infant, etc., et al.*

*v.*

MILDRED REXROAD LINGER

(No. 12556)

Submitted October 4, 1966. Decided November 29, 1966.

256

*Coleman & Wallace, James H. Coleman, Jr., Robert J. Wallace,* for appellants.

*Hymes & Coonts, Myron B. Hymes, Steptoe & Johnson, H. G. Underwood,* for appellee.

HAYMOND, JUDGE:

In this civil action instituted in the Circuit Court of Upshur County in June 1964, the plaintiffs, Richard Lee Hollen, an infant who sues by James Sterling Hollen, his next friend, and James Sterling Hollen, seek a recovery from the defendant, Mildred Rexroad Linger, for personal injuries to the infant plaintiff Richard Lee Hollen, alleged to have resulted from the negligence of the defendant, and for hospital, medical, doctor and other expenses, in the treatment of the injuries of the infant plaintiff, incurred by the plaintiff James Sterling Hollen.

Upon the trial of the case the jury returned a verdict in favor of the defendant and submitted its written recommendation ''that, in fairness to all concerned, the defendant should share in the payment of the medical expenses incurred to date as a result of this accident.'' Such recommendation must be considered as

mere surplusage and, not being a part of the verdict, is of no force or effect. On May 11, 1965, the court entered judgment upon the verdict and awarded costs in favor of the defendant. By its final judgment rendered June 17, 1965, the court refused to set aside the verdict of the jury and to grant the plaintiffs a new trial and from this judgment this appeal was granted by this Court on February 28, 1966, upon the application of the plaintiffs.

By stipulation of the parties it was agreed that the defendant, the mother of John E. Rexroad, then fourteen years of age, was the owner of a Buick automobile on June 8, 1962, on which date John E. Rexroad, with the permission and consent of the defendant, drove the automobile from the garage in which is was normally stored to a nearby driveway on the property of the defendant where it was washed, after which he drove it from the driveway into the garage where the infant plaintiff, then fourteen years of age, was struck and injured by the automobile operated by John E. Rexroad; and that the plaintiff James Sterling Hollen, the father of Richard Lee Hollen, has incurred medical, hospital, doctor and other expenses in the treatment of the injuries sustained by the infant plaintiff Richard Lee Hollen.

There is little, if any, dispute with respect to the material facts disclosed by the evidence.

The infant plaintiff and Neal Zinn, also fourteen years of age, friends and high school mates of John E. Rexroad, son of the defendant, at the invitation of John E. Rexroad and with the consent of the defendant, spent the night of June 7, 1962 at the home of the defendant. The defendant had requested her son to wash the Buick automobile and in the early afternoon of June 8, 1962, John E. Rexroad, with the assistance of the infant plaintiff and Zinn, washed the automobile while it was located on the driveway outside the two stall garage near the dwelling and on

the premises of the defendant. In the process of washing the automobile the tennis shoes or sneakers, the soles of which were smooth, worn by John E. Rexroad, became wet and after the automobile was washed he drove it into the left stall or space of the garage at a slow rate of speed. At that time Zinn was sitting in the right side of the front seat and was directing the driver to avoid striking some cans on the right side of the automobile, and while the automobile was proceeding slowly into the left section of the garage the infant plaintiff came from the dwelling into the garage and stood in front of the automobile to direct the driver to avoid striking the left side of the garage. When the front end of the automobile was several feet inside the garage Zinn and the infant plaintiff called to the driver to stop the automobile because its right side struck a trash can in the garage. At that time and when the infant plaintiff was six or seven feet in front of the automobile the driver, who had asked the infant plaintiff to guide him, put his foot on the brake from which it slipped and came upon the accelerator of the automobile, increased its speed, and caused it suddenly to lunge forward and strike the infant plaintiff and push him against the rear wall of the garage which was moved several inches from its position. The automobile struck the infant plaintiff between his knees and his ankles and injured him severely. He placed his hands on the front of the automobile, the motor of which had stalled, and the driver, after starting the motor, backed the automobile away from the infant plaintiff who then fell to the floor of the garage, after which he received assistance and was taken to the hospital. John E. Rexroad had previously driven the automobile in and out of the garage and upon public highways on numerous occasions and felt that he was a competent driver and the defendant also considered him to be competent to drive and wash the automobile, although because of his youth he was not a licensed automobile operator. In taking his place in front of the automobile to direct

the driver, the infant plaintiff thought that he was not in a position of danger and the driver of the automobile likewise thought that the infant plaintiff while in front of the automobile was not in a position of danger. When the automobile suddenly came toward the infant plaintiff he attempted to jump from in front of it but did not have time to do so and escape injury.

The plaintiffs assign as error the action of the circuit court (1) in giving Defendant's Instruction No. 5, relating to unavoidable accidents; (2) in giving Defendant's Instructions Nos. 1, 2 and 6, relating to contributory negligence; (3) in refusing to give Plaintiffs' Instruction No. 9, which would have directed a verdict in favor of the plaintiffs; (4) in refusing to give Plaintiffs' Instruction No. 10, which would have told the jury that as a matter of law the infant plaintiff was not guilty of any negligence; and (5) in refusing to sustain the motion of the plaintiffs to set aside the verdict and grant a new trial.

Defendant's Instruction No. 5, of which the plaintiffs complain, told the jury that unavoidable accidents may occur without negligence on the part of any party involved and that if the jury believed from the evidence that the plaintiff was injured as a result of an unavoidable accident without negligence on the part of the driver of the automobile the jury should return a verdict in favor of the defendant.

This Court considered the question of an unavoidable accident in *Bolling v. Clay,* 150 W. Va. 249, 144 S. E. 2d 682, and in the opinion, among other quotations, used in part this quotation from 65 C.J.S., Negligence, Section 21: "An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care, that is, one which is not caused by the fault of any of the persons, and which occurs without the negligence of either party. If the accident producing the injury could have been prevented by either party by means suggested by common prudence or ordinary or reasonable care, or could not have

happened without negligence or contributory negligence, it is not deemed unavoidable.''

In 7 Am. Jur. 2d, Automobiles and Highway Traffic, Section 350, the text contains this pertinent language: ''An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had. However, the issue of unavoidable or inevitable accidents is not raised when there is no evidence tending to prove that the accident resulted from some cause other than the negligence of one of the parties.''

In *Magnolia Coca Cola Bottling Company v. Jordon,* 124 Tex. 347, 78 S. W. 2d 944, 97 A.L.R. 1513, the court said that the issue of unavoidable accident was not presented in an action in which the plaintiff claimed that the defendant's truck struck an automobile driven by the plaintiff and caused it to collide with another automobile parked at the curb and the defendant merely presented evidence to show that the truck driver was not negligent and that the plaintiff was negligent, and there was no evidence that the street was rough or the pavement was wet and no suggestion that anything other than negligence of the defendant caused the automobile of the plaintiff to skid into the automobile parked at the curb. In *McBride v. Woods,* 124 Colo. 384, 238 P. 2d 183, 29 A.L.R. 2d 101, the court said that the question of an unavoidable accident should not be submitted to the jury when it appears in evidence that the plaintiff was crossing at a street intersection, in broad daylight, without observing the defendant's automobile and was struck when the defendant, without seeing the plaintiff and without sound-

ing a warning, backed his automobile across the cross-walk from a diagonally parked position at the curb.

The evidence in the case at bar does not show that anything other than negligence upon the part of the driver of the Buick automobile was the proximate cause of the injuries sustained by the infant plaintiff Richard Lee Hollen. For that reason the instruction was not supported by evidence and should have been refused.

Defendant's Instructions Nos. 1, 2 and 6, dealt with the question of contributory negligence and in substance told the jury that if the infant plaintiff was guilty of negligence which proximately caused or contributed to his injuries or if the infant plaintiff and the driver of the automobile were both negligent and that their negligence was the proximate cause of the injuries, the infant plaintiff could not recover, and the jury should return a verdict for the defendant. The evidence does not establish any negligence upon the part of the infant plaintiff in taking the position in front of the slowly moving automobile to guide the driver, at the request of the driver, while the automobile was proceeding in the garage toward the infant plaintiff at a slow rate of speed and apparently under the control of the driver, who was considered by himself and by the defendant to be a competent driver. The infant plaintiff had no reason to expect or anticipate that the driver would suddenly place his foot upon the accelerator and cause the automobile to lunge forward at a rapid pace and strike the infant plaintiff and pin him against the rear wall of the garage and by such conduct prevent him from escaping from in front of the automobile and avoiding his injuries. When the infant plaintiff was in front of the slowly approaching automobile directing the driver, at his request, the driver and the infant plaintiff both felt and believed that the infant plaintiff was not in a position of danger, as he clearly would not have been if the driver of the automobile had not suddenly

caused it to go forward at a rapid rate of speed. In that situation the failure of the infant plaintiff to anticipate the omission of reasonable care upon the part of the driver of the automobile did not render him guilty of negligence. *Barr v. Curry,* 137 W. Va. 364, 71 S. E. 2d 313; *Fielder v. Service Cab Company,* 122 W. Va. 522, 11 S. E. 2d 115; *Ritter v. Hicks,* 102 W. Va. 541, 135 S. E. 601, 50 A.L.R. 1505; *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919, 51 L.R.A., N.S., 989, Ann. Cas. 1916E 656. See also *Stamper v. Bannister,* 146 W. Va. 100, 118 S. E. 2d 313.

In *Sewell v. Lawson,* 115 W. Va. 527, 177 S. E. 293, the plaintiff was standing at the rear end of an elevated grease rack in an automobile filling station in front of a large board at that end of the rack and was directing the defendant in placing his automobile on the rack; the plaintiff, just before the front wheels of the automobile reached the guides of the rack, called to the defendant to stop the automobile, at which time the automobile continued up the incline and suddenly lunged forward, knocked down both the plaintiff and the board wall and did not stop until it had gone beyond the rear end of the rack. In point 1 of the syllabus the court held that ''Failure to anticipate the omission of reasonable care on the part of a driver in the operation of an automobile does not ordinarily render a person contributorily negligent.''; and in the opinion said: ''Plaintiff undoubtedly had a right to assume that the defendant was a capable driver until the contrary appeared; and that the latter would exercise reasonable care in mounting the rack. And failure on plaintiff's part to anticipate omission of such care did not render him negligent. *Deputy v. Kimmell,* 73 W. Va. 595, 80 S. E. 919; *Ritter v. Hicks,* 102 W. Va. 541, 135 S. E. 601. As heretofore stated, he had taken the only position from which another might be directed with certainty onto the rack. Due to the speed with which the car lunged forward, the ordinary six or eight inch block used in connection

with some of the racks in the community could not have materially checked, much less stopped, its forward movement; and the plaintiff did not have time to escape.''

In assuming his position in front of the slowly oncoming automobile, the infant plaintiff committed no act of negligence; neither did his conduct constitute assumption of an incurred risk. The doctrine of assumed or incurred risk is based upon the existence of a factual situation in which the act of the defendant alone creates the danger and causes the injury and the plaintiff voluntarily exposes himself to the danger with full knowledge and appreciation of its existence. In 65A C.J.S., Negligence, Section 174(4), with reference to the doctrine of the assumption of risk, the text contains these statements: ''In its simplest and primary sense, it means that plaintiff had consented to relieve defendant of an obligation of conduct toward him, and to take his chance of injury from a known risk. By entering freely and voluntarily into any relation or situation which presents obvious danger, plaintiff may be taken to accept it, and to agree that he will look out for himself, and relieve defendant of responsibility. The result is that defendant is simply under no legal duty to protect plaintiff. In other words, it is in the nature of a waiver and may be subject to rules relating to waiver.'' It has been said that the doctrine applies when a person brings about a condition or situation obviously dangerous to himself by voluntarily exposing himself to a hazard created by another. See *Matthews v. Cumberland and Allegheny Gas Company*, 138 W. Va. 639, 77 S. E. 2d 180; *Hunn v. Windsor Hotel Company*, 119 W. Va. 215, 193 S. E. 57; 13 M.J., Negligence, Section 43. As already pointed out neither the driver of the automobile nor the infant plaintiff regarded his position in front of the automobile as dangerous and it is clear that the infant plaintiff did not place himself in a position which he considered to be dangerous and did

not voluntarily expose himself to any hazard with full knowledge and appreciation of its existence.

As there was no evidence of negligence upon the part of the infant plaintiff the instructions relating to contributory negligence, of which the plaintiffs complain, were not supported by the evidence and should have been refused.

This Court has held in many cases that instructions must be based upon the evidence and that an instruction which is not sustained by evidence should not be given. *Payne v. Kinder,* 147 W. Va. 352, 127 S. E. 2d 726; *Frye v. Norton,* 148 W. Va. 500, 135 S. E. 2d 603; *Maynard v. National Fire Insurance Company of Hartford,* 147 W. Va. 539, 129 S. E. 2d 443; *State v. Vance,* 146 W. Va. 925, 124 S. E. 2d 252; *Henthorn v. Long,* 146 W. Va. 636, 122 S. E. 2d 186; *State ex rel. Shatzer v. Freeport Coal Company,* 144 W. Va. 178, 107 S. E. 2d 503; *State v. Morris,* 142 W. Va. 303, 95 S. E. 2d 401; *State v. Cirullo,* 142 W. Va. 56, 93 S. E. 2d 526; *Mulroy v. Co-Operative Transit Company,* 142 W. Va. 165, 95 S. E. 2d 63; *Rees Electric Company, Inc. v. Mullens Smokeless Coal Company,* 141 W. Va. 244, 89 S. E. 2d 619; *Ward v. Smith,* 140 W. Va. 791, 86 S. E. 2d 539; *Higgs v. Watkins,* 138 W. Va. 844, 78 S. E. 2d 230; *Wilson v. Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher v. Amere Gas Utilities Company,* 138 W. Va. 166, 75 S. E. 2d 376; *Ballengee v. Whitlock,* 138 W. Va. 58, 74 S. E. 2d 780; *Cato v. Silling,* 137 W. Va. 694, 73 S. E. 2d 731, certiorari denied, 348 U. S. 981, 75 S. Ct. 572, 99 L. Ed. 764, rehearing denied, 349 U. S. 924, 75 S. Ct. 659, 99 L. Ed. 1256; *Chesapeake and Ohio Railway Company v. Johnson,* 134 W. Va. 619, 60 S. E. 2d 203; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *State v. Humphreys,* 128 W. Va. 370, 36 S. E. 2d 469; *Neal v. City of Bluefield,* 105 W. Va. 201, 141 S. E. 779; *Morgan Lumber and Manufacturing Company v. Surber,* 104 W. Va. 308, 140 S. E. 12; *Roberts v. Lykins,* 102 W. Va. 409, 135 S. E. 388; *Wilson v. McCoy,* 93 W. Va. 667, 117 S. E. 473; *Williams v.*

*County Court of Lincoln County,* 90 W. Va. 67, 110
S. E. 486; *Penix v. Grafton,* 86 W. Va. 278, 103 S. E.
106; *Bond v. National Fire Insurance Company,* 77
W. Va. 736, 88 S. E. 389.

This Court has also said that an erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not prejudiced by the giving of such instruction. *Preston County Coke Company v. Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Overton v. Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Cato v. Silling,* 137 W. Va. 694, 73 S. E. 2d 731, certiorari denied, 348 U. S. 981, 75 S. Ct. 572, 99 L. Ed. 764, rehearing denied, 349 U. S. 924, 75 S. Ct. 659, 99 L. Ed. 1256; *Buffington v. Lyons,* 71 W. Va. 114, 76 S. E. 129; *Kuykendall v. Fisher,* 61 W. Va. 87, 56 S. E. 48, 8 L.R.A., N.S., 94, 11 Ann. Cas. 700; *Ward v. Brown,* 53 W. Va. 227, 44 S. E. 488.

The record does not show that the giving of the foregoing instructions, which were not based upon the evidence, did not injure the plaintiffs. In consequence the action of the circuit court in giving Defendant's Instruction No. 5, relating to unavoidable accidents, and in giving Defendant's Instructions Nos. 1, 2 and 6, relating to contributory negligence, constituted reversible error.

The verdict of the jury is contrary to the evidence and is without evidence to support it. By its verdict the jury found either that the defendant was not guilty of primary negligence or that the defendant was guilty of primary negligence and the plaintiff was guilty of contributory negligence. As previously pointed out there is no evidence which establishes any negligence upon the part of the infant plaintiff and the only reasonable conclusion to be drawn from the undisputed evidence is that the negligence of Rexroad in the operation of the automobile was the proximate cause of the injuries sustained by the infant plaintiff.

The driver of the automobile admitted in his testimony that the tennis shoes which he was wearing were saturated with water, that they were old and did not have any tread, and that when "my foot hit the brake, my foot being wet it slid off the brake and hit the accelerator." He also admitted that he knew that when old tennis shoes were wet they became slippery and that when he started to drive the automobile into the garage with wet tennis shoes he should have been aware that they were slippery. The evidence also indicates that when Rexroad was told to stop the automobile he turned his head as if to look back and at that time his foot slipped off the brake. As previously indicated the infant plaintiff committed no negligent act while in front of the slowly approaching automobile. He did not get in front of it suddenly, or slip or engage in any other conduct that contributed to the negligent act of the driver in causing the automobile suddenly to lunge forward and strike and injure the infant plaintiff. All the foregoing facts are undisputed.

This Court has consistently held in many cases that a verdict of the jury which is without sufficient evidence to support it, or is plainly against the clear preponderance of conflicting evidence will, upon proper motion, be set aside by the court. *Ritz v. Kingdon,* 139 W. Va. 189, 79 S. E. 2d 123; *Frye v. Norton,* 148 W. Va. 500, 135 S. E. 2d 603; *Campbell v. Campbell,* 146 W. Va. 1002, 124 S. E. 2d 345; *Preston County Coke Company v. Preston County Light and Power Company,* 146 W. Va. 231, 119 S. E. 2d 420; *Mulroy v. Co-Operative Transit Company,* 142 W. Va. 165, 95 S. E. 2d 63; *Keller v. Wonn,* 100 W. Va. 860, 87 S. E. 2d 453; *Hartley v. Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Wickline v. Monongahela Power Company,* 139 W. Va. 732, 81 S. E. 2d 326; *Homes v. Monongahela Power Company,* 136 W. Va. 877, 69 S. E. 2d 131; *Kap-Tex, Inc. v. Romans,* 136 W. Va. 489, 67 S. E. 2d 847; *DeLuz v. Board,* 135 W. Va. 806, 65 S. E. 2d 201; *Cannady v. Chestonia,* 106 W. Va. 254, 145 S. E. 390;

*Palmer v. Magers,* 85 W. Va. 415, 102 S. E. 100; *Kelley v. Aetna Insurance Company,* 75 W. Va. 637, 84 S. E. 502; *Sims v. Carpenter, Frazier and Company,* 68 W. Va. 223, 69 S. E. 794; *Coalmer v. Barrett,* 61 W. Va. 237, 56 S. E. 385; *Chapman v. Liverpool Salt and Coal Company,* 57 W. Va. 395, 50 S. E. 601. Application of the foregoing well established principle requires that the verdict be set aside, the judgment reversed and a new trial awarded the plaintiffs.

As the only reasonable conclusion to be drawn from the undisputed evidence is that the negligence of the driver of the automobile, who was the agent of the defendant acting within the scope of the agency, was the proximate cause of the injuries to the infant plaintiff, the plaintiffs were entitled to a directed verdict upon the question of the negligence of the defendant and the circuit court should have given Plaintiffs' Instruction No. 9, which would have directed the jury to return such a verdict in favor of the plaintiffs; and the refusal of the circuit court to give that instruction constituted reversible error.

When the material facts are undisputed and only one inference may be drawn from them by reasonable minds the questions of negligence and contributory negligence are questions of law for the court. *Adkins v. Minton,* 151 W. Va. 229, 151, S.E.2d 295; *Griffith v. Wood,* 150 W. Va. 678, 149 S. E. 2d 205; *Lewis v. McIntire,* 150 W. Va. 117, 144 S. E. 2d 319; *Dunning v. Barlow and Wisler, Inc.,* 148 W. Va. 206, 133 S. E. 2d 784; *Petros v. Kellas,* 146 W. Va. 619, 122 S. E. 2d 177; *Graham v. Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Brake v. Cerra,* 145 W. Va. 76, 112 S. E. 2d 466; *Wolfe v. Beatty Motor Express, Inc.,* 143 W. Va. 238, 101 S. E. 2d 81; *Workman v. Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Hartley v. Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Matthews v. Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Holiman v. Baltimore and Ohio Railroad Company,* 137 W. Va. 874, 74 S. E. 2d 767; *Daugherty v. Baltimore and Ohio*

*Railroad Company,* 135 W. Va. 688, 64 S. E. 2d 231; *Donald v. Long Branch Coal Company,* 86 W. Va. 249, 103 S. E. 55; *Thomas v. Electrical Company,* 54 W. Va. 395, 46 S. E. 217; *Ketterman v. Dry Fork Railroad Company,* 48 W. Va. 606, 37 S. E. 683, and the numerous cases cited in the opinions in those cases.

Though in most of the cited cases the application of the foregoing principle resulted in a directed verdict for the defendant, proper application of the principle in the case at bar required a directed verdict in favor of the plaintiffs upon the question of negligence upon the part of the defendant.

In *Adkins v. The City of Hinton,* 149 W. Va. 613, 142 S. E. 2d 889, this Court, in affirming the action of the trial court in directing the jury to find the defendant city liable as a matter of law and to return a verdict for the plaintiffs in an amount which it believed fully and fairly compensated them for all losses and damages sustained and which they had proved by a preponderance of the evidence in an action to recover damages alleged to have been caused by the negligence of the defendant, and in adopting point 4, syllabus, in *Vaccaro Brothers and Company v. Farris,* 92 W. Va. 655, 115 S. E. 830, held that ''Where the evidence given on behalf of defendant is so clearly insufficient to support a verdict for him that such verdict, if returned by the jury, must be set aside, and the evidence in support of plaintiff's claim is clear and convincing, it is the duty of the trial court, when so requested, to direct a verdict for the plaintiff.'' In *Martin v. Appalachian Electric Power Company,* 109 W. Va. 129, 153 S. E. 245, this Court held in point 2 of the syllabus that ''When the evidence adduced by one of the parties to a civil action at law is sufficient to warrant a finding in his favor, and no evidence appreciably tending to overthrow the case so made has been adduced by the opposite party, it is the duty of the court to direct a verdict in favor of the former, if requested so to do.'' To the same effect is the holding of this Court in

*Booker v. Lake and Export Coal Corporation,* 90 W. Va. 652, 112 S. E. 237; *LaRue v. Lee,* 63 W. Va. 388, 60 S. E. 388, 129 Am. St. Rep. 978, 14 L.R.A., N.S., 968; and *Kuykendall v. Fisher,* 61 W. Va. 87, 56 S. E. 48, 8 L.R.A., N.S., 94, 11 Ann. Cas. 700.

Because of the above mentioned errors, the judgment of the circuit court is reversed, the verdict of the jury is set aside and a new trial is awarded the plaintiffs.

*Judgment reversed,*
*verdict set aside,*
*new trial awarded.*