Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 We agree with counsel that the provision in the statute of March 11th, 1862, that the tax deed executed by the county auditor should vest in the grantee an absolute title, both at law and in equity, except where the tax returned delinquent was actually paid, only declared the effect of a deed such as the statute contemplated, and did not dispense with proof of compliance with the preliminary requirements of the act. The officer, in making the sale and executing the deed, acted under a special power, and, as in all such
 
 *309
 
 cases, was bound to keep strictly within the limits of his authority. No attempt was made by the plaintiff to show the levy of any tax upon the property, or its non-payment, or that any sale was ever had. He relied, to supply the want of such proof, upon a provision of the statute of 1866, declaring that where lands sold for taxes were not redeemed within the time allowed by law, the deed executed by the county auditor should be
 
 \mmd facie
 
 evidence of a good and valid title in the grantee, his heirs, and assigns.
 
 *
 

 It is admitted that a deed executed under these circumstances would, if valid on its face, have dispensed, in the first instance, with proof of the previous proceedings, upon the performance of which a sale.only could be made. But it is contended that it was essential to the admission of a tax deed, having of itself such effect as evidence, that it should appear that the lands sold for taxes had not been redeemed when the deed was executed and delivered. And it is stated that this has been expressly adjudged by the Supreme Court of Minnesota upon the construction of the provision of the statute of 1866 cited by the plaintiff.
 
 †
 
 Such is undoubtedly the case, and, had the objection been taken when the deed was offered, the deed would not have been admissible, in the absence of such proof, to establish a title in the plaintiff'. But the plaintiff' Í3 precluded from availing himself of the objection here, as it was not urged in the court below, and is not covered by any of the several objections presented by him.
 

 It may admit of much doubt, as also contended by counsel, whether the deed was not invalid on its face. The act of 1862 declares that notice of the sale should be given for the second Monday of January, 1863. The deed shows that the sale took place on the 11th of February following, and contains no recitals explaining the disregard of the day designated by the statute and the selection of a different day.
 

 The act of 1862 also provides for sale of certain lands upon which the taxes of 1869 and of preceding years were
 
 *310
 
 unpaid. The deed shows that the sale was made for delinquent taxes not only of these years, but also of the subsequent years of 1860 and 1861; and counsel have not called our attention to any statute of Minnesota which authorizes a sale for the taxes of these years added to the taxes of the previous years.
 

 But it is not necessary to express any opinion upon these objections until we have the entire statutes of the State On the subject of these tax sales before us. There is one error in the ruling of the court below which will require a reversal of the judgment. Giving to the deed full effect as
 
 primQ fade
 
 evidence of title, its validity was open to question by the defendant. The statute does not dispense with the performance of all the requirements of the law prescribed for the sale of the land. It only shifts the burden of proof of such compliance from the party claiming under the deed to the party attacking it. The deed itself, when admitted, creates under the statute a presumption that all essential preliminary steps in the assessment and levy of the tax and sale of the property have been complied with. This presumption the defendant desired to rebut. He offered to prove that the notice of the sale was insufficient, but the offer was rejected under the objection that the proof was incompetent and immaterial. In this the court below erred.
 

 Some criticism was made upon the form of the offer, that it was not to prove any particular fact, but a conclusion of law. It would undoubtedly have been better for counsel to have stated the facts he desired to establish, but no objection was taken to the form of the offer; the objection was only to the competency and materiality of the proof; and it would be unjust to the defendant to deprive him in this court of the benefit of his offer on grounds not presented in the court below. That court evidently considered the right of the defendant to question the validity of the deed as lost by the operation of the 7th section of the act of 1862, which declared: “That any person or persons having or claiming any right, title, or interest in or to any laud or premises after a sale under the provisions of this act, adverse to the title or
 
 *311
 
 claim of the purchaser at any such tax sale, his heirs or assigns shall within one year from the time of the recording of the tax deed for such premises commence an action for the purpose of testing the validity of such sale, or be forever barred in the premises.”
 

 It is a sufficient answer to this view of the operation of this statute, that the Supreme Court of Minnesota has adjudged that the statute does not apply to cases where the owner of the property defends against a tax deed in an action of ejectment; and if it were susceptible of such application that the statute itself would be in conflict with the constitution of the State.
 
 *
 
 This construction of a State law upon a question affecting the titles to real property in the State by its highest court, is binding upon the Federal courts.
 

 Judgment reversed, and the cause
 

 Remanded for a new trial.
 

 *
 

 General Statutes of Minnesota of 1866, chap. 11, $$ 139,140.
 

 †
 

 Greve
 
 v.
 
 Coffin, 14 Minnesota, 355.
 

 *
 

 Baker v. Kelley, 11 Minnesota, 480.