# CHARLESTON.

ROSS' ADMINISTRATRIX *v.* ROSS *et al.*

Submitted June 11, 1912.   Decided June 24, 1913.

1. EQUITY—*Bill—Multifariousness.*

    A bill by the widow as administratrix praying that the land of the decedent be subjected to the payment of his debts because of insufficient personalty, and in her own right praying that dower be assigned her before sale of the land, is not bad on demurrer for multifariousness.   (p. 641).

2. SAME—*Bill—Demurrer—Rule to Answer.*

    On the overruling of a demurrer to the bill, if the defendant does not answer or waive his right to do so, a rule to answer must be given him before any decree affording the plaintiff relief can be taken.   (p. 641).

3. DOWER—*Admeasurement—Notice to Heir.*

    The heir should have notice of the time when commissioners appointed to lay off dower will act. If they act without notice to him and in his absence, their report will be set aside upon his exception.   (p. 642).

Appeal from Circuit Court, Monongalia County.

Suit by Alexis Hugh Ross' administratrix against John Ross and others.   Decree for complainant, and defendant John Ross appeals.

*Reversed and Remanded.*

*Chas. E. Hogg,* for appellant.

*Donley & Hatfield,* for appellee.

ROBINSON, JUDGE:

Alexis Hugh Ross died intestate leaving a widow and two

sons. He was possessed of land but no personalty. His widow became the administratrix of the estate. As administratrix, and in her own right as widow, she brought this suit in chancery, praying that the real estate of the decedent be sold for the payment of his debts, after the assignment of dower to herself. The cause proceeded to such a decree as that sought by plaintiff. One of the sons, John Ross, claiming to be aggrieved by the decree, has appealed.

Appellant says that the bill is bad because the widow sues in both representative and individual capacity. But we readily conceive that the demurrer to the bill was rightly overruled. Of course the administratrix can maintain a suit to subject the realty to the payment of debts when the personalty is insufficient, as in this case. In such a suit the dower of the widow must be assigned before a sale of the land for the debts of the decedent. The widow as a necessary defendant in the suit would ordinarily ask by answer that dower be assigned her. Now, when it happens, as we have it here, that the administratrix and widow are one and the same party, why can not she sue as she has? May she not thus reach by direction what she could readily do by indirection? Formally she should bring the suit as administratrix and make herself a defendant, individually as widow. But surely the same practical end is reached by appearing as plaintiff administratrix for one purpose and as plaintiff widow for another purpose inherently connected with the former. The charge of multifariousness is by no means tenable. Plaintiff in the one capacity is not setting up a cause of action distinct and independent from that which she asserts in the other capacity. Both the matter that pertains to plaintiff as administratrix and the matter that pertains to plaintiff as widow properly belong to the same suit, as we have said. It is required that they be disposed of in the same suit. "If the bill accomplishes the desired end in a convenient way for all concerned, and the mode adopted is not so injurious to any one as to render it unjust for the suit to be maintained in that form, it will not be deemed to be multifarious." *Johnson* v. *Black,* 103 Va. 477. The bill herein comes plainly within this principle.

On the overruling of the demurrer to the bill, the court immediately entered a decree directing an order of reference in

relation to the assets and liabilities of the estate of the dece-dent, adjudging that the widow was entitled to dower in the land, and appointing commissioners to go upon the land and lay off the dower.    Thus merits of the suit were passed upon. Appellant says it was error so to decree without ruling him as defendant to answer pursuant to Code 1906, ch. 125, sec. 30. Under our decisions, this point is well taken.    1 Enc. Dig. Va. & W. Va. 393-395; Hogg's Equity Procedure, sec. 314.    It is established in this state that when the court overrules a demurrer to a bill, if the defendant does not answer or waive his right to do so, there must be a rule on him to answer the bill before any decree affording the plaintiff relief can be taken against the defendant, and that it is reversible error to decree without such rule.    Yet the rule need not be served, and amounts only to an order that the defendant answer within a certain time, which may be regulated according to the circumstances of the particular case.    So the statute has long been interpreted. From our examination into the origin and history of this statute we doubt whether it has always been rightly understood and interpreted.    It would seem that it should not apply in favor of a defendant who, as appellant here, is in default by a bill taken for confessed against him at rules.    *Brent* v. *Washington's Adm'r.*, 18 Grat., 526; *Reynolds* v. *Bank*, 6 Grat., 174. Such a defendant has already neglected a rule to plead.    Why should another be given him?    But no distinction has ever been made in our cases.    They apply the statute to any defendant, whether one in default or not.    This statute as long construed gives a defendant a rule to answer on the overruling of his demurrer whether, in view of Code 1906, ch. 125, sec. 53, it will avail him or not.    *McLaughlin* v. *Sayers*, 78 S. E. 355.    Is not this a matter for legislative notice?    See Virginia Code 1904, section 3273.

Should the heir have notice of the time of the laying off of dower by the commissioners appointed for that purpose?    By appellant's exception to the report of the commissioners, this question is raised.    It does not appear that appellant was present or had notice.    He asserts by his exception to the report that he had no notice and that dower was assigned in his absence.    Yet the court confirmed the report and decreed upon it.    Under the authority of *Wamsley* v. *Coal and Lumber Co.*,

56 W. Va. 296, we must view this action of the court as erroneous. That precedent it is true relates to partition of land between owners in fee, but there is nothing to differentiate the principle in its application to the assignment of dower. If it is sound in the one case, it certainly is in the other. The rule appears to be a wholesome one indeed, though not sanctioned in some jurisdictions. We approve it herein. Dower should not be laid off in the absence of the heir, unless after notice he fails to attend. The court should have sustained appellant's exception.

In view of the reversal which must be ordered it is unnecessary to notice the other assignments of error, further than to say that the record which we have before us does not show that the claim to which appellant excepted is barred by the statute of limitations.

The decrees complained of will be reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*