# CHARLESTON.

STATE ROAD COMMISSION OF WEST VIRGINIA v. GEORGIA
McMURRAY

(No. 5571)

Submitted November 16, 1926.    Decided March 15, 1927.

1.  EMINENT DOMAIN—*Petition Held to Imply That Right of
    Way Had Been Legally Taken by State Road Commission
    Because County Court Failed to Secure it (Acts 1923,
    c. 6, §§ 31, 138).*

    A petition filed on behalf of the state road commission, un-
    der authority of Secs. 31 and 138, Ch. 6, Acts, 1923, praying
    for the nomination of thirteen freeholders, etc., for the pur-
    pose of assessing damages, if any, done to the property of
    a certain land-owner by reason of the taking of additional
    right-of-way for the improvement of a certain state high-
    way, and alleging therein that said additional right-of-way is
    necessary and that the same has not been obtained from said
    land-owner by the county court in any manner whatsoever,
    and said petition is necessary under the sections aforesaid,
    implies on its face that the right-of-way has been taken over
    by the said commission in the manner prescribed by law, and
    that said commission is proceeding to act because the county
    court has failed to secure said right-of-way in accordance
    with the provisions of said Sec. 31.    (p. 348).
    (Eminent Domain, 20 C. J. § 418.)

2.  SAME—*Petition Held to Sufficiently Allege Public Character
    of Use and Necessity for Land Taken for Road (Acts 1923,
    c. 6, §§ 31, 138).*

    Where such petition alleges that in the building and con-
    struction of a public highway, designated as a state route,
    it is necessary to take some additional lands for the purpose
    of widening and improving said route, which, when so widened
    and improved, will be used for a public highway, and that
    the lands so taken are necessary for that purpose, Held: the
    public character of the use and the necessity therefor are
    sufficiently alleged.    (p. 349).
    (Eminent Domain, 20 C. J. § 418.)

3.  SAME—*Damages Assessed by Eminent Domain Commission-
    ers Will Not be Disturbed Except on Clear Showing of Good
    Cause, in Absence of Error on Face of Report; That Emi-*

*nent Domain Commissioners Were Sworn Will be Presumed in Absence of Contrary Proof, Although Their Report Does Not State They Took Oath (Code, c. 42, §§ 12, 17; Acts 1923, c. 6, § 138).*

The rule that the finding of commissioners appointed in eminent domain proceedings to assess damages is not to be disturbed unless good cause be shown against it by clear proof, applies where the error complained of does not appear upon the face of the report.   (p. 350).

(Eminent Domain, 20 C. J. § 439.)

4.   SAME—*Where Owner, Proprietor, or Tenant Shows Intention of Resisting, Notice When Eminent Domain Commissioners Will go on Land to Assess Damages Should be Given (Acts 1923, c. 6, §§ 13, 138).*

While the statute does not require it, in the interest of justice in cases where the owner, proprietor or tenant of land to be taken, evinces an intention that he will contest the taking of his land for road purposes, by appearance in court at the time of the selection of commissioners, notice should be given him of the time that the commissioners will go upon the land to assess the damages.   (p. 350).

(Eminent Domain, 20 C. J. § 418 [Anno].)

5.   APPEAL AND ERROR—*On Clear Showing That Remarks of Trial Judge Were Not as Whole Injurious, Case Will Not be Reversed Because Thereof; in Condemnation Proceedings Remarks of Trial Judge, Considered as Whole, Held Not to Constitute Reversible Error.*

While the trial judge should refrain from expressing, in any manner, in the presence of the jury, his personal views upon the weight of the evidence, we will not reverse a case for that reason where it clearly appears that such remarks as a whole have not resulted in injury to the exceptor. (p. 351).

(Appeal and Error, 4 C. J. § 2937.)

6.   EMINENT DOMAIN—*Where Trial Jury Takes Same Oath as That Administered to Commissioners to go on Land to Assess Damages, it is Sufficient (Code, c. 42, § 14).*

Where the trial jury takes the same oath as that administered to commissioners to go upon the land and assess the damages, it is sufficient.   (p. 352).

(Eminent Domain, 20 C. J. § 402 [Anno].)

7.   SAME—TRIAL—*Verdicts Are to be Liberally Construed and Upheld Unless so Defective as to be Uncertain; in Emi-*

*nent Domain Proceedings Verdict Held Not Uncertain as to Land Taken.*

Verdicts are to be liberally construed and upheld, unless so defective in form as to be uncertain in meaning.   (p. 352).

(Eminent Domain, 20 C. J. §§ 410, 411; Trial, 38 Cyc. p. 1901.)

8.   SAME—*In Eminent Domain Cases Courts Rarely Disturb Verdicts if Reasonably Supported by Evidence as to Compensation, in Absence of Substantial Error in Rulings on Evidence.*

In cases of this character, courts rarely disturb verdicts of juries, if founded upon any reasonable view of conflicting evidence as to what amount is a just compensation for the owner, proprietor or tenant of lands, where no substantial error has been committed by the trial court in the admission or exclusion of evidence.   (p. 353).

(Eminent Domain, 20 C. J. §§ 429, 430, 488.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Jackson County.

Eminent domain proceedings by the State Road Commission of West Virginia against Georgia McMurray.   Judgment awarding owner compensation for land taken, and she brings error.

*Affirmed.*

*T. J. Sayre* and *Kenna K. Hyre,* for plaintiff in error.

WOODS, JUDGE:

Georgia McMurray, the owner of a lot of less than an acre in the village of Silverton, fronting on what is now a state highway, complains of a judgment of the circuit court of Jackson county entered on a verdict of a jury assessing damages to said property by reason of the widening of said highway.

In 1924, the State Road Commission took the road over for state purposes, and after service of notice on the landowner under section 138, chapter 6, Acts, 1923, improved the same, widening the old thirty-foot road to forty feet.   In so doing they demanded a five-foot strip from Mrs. McMurray.   While Mrs. McMurray claims that they took some eleven feet from her property, thereby causing her great damage in removing

a certain store-room, etc., the said commission contends, and offers testimony in support thereof, to the effect that said buildings had been built on the right of way formerly existing, and that she was not entitled to damage by reason of her own acts in encroaching thereon. Notice was served on Mrs. McMurray to the effect that the road commission would ask the circuit court on a certain day to appoint commissioners to go upon the land and assess the damage. Commissioners were appointed, went upon the land, and fixed the damage at $100.00. In August, 1925, Mrs. McMurray appeared before the circuit court, demurred to the petition, and moved to quash the original petition seeking to condemn her said land, and also excepted and moved to quash and set aside the report of the viewers, both of which motions were overruled; whereupon she refused to accept said $100.00, and demanded that her damages be assessed by a jury. A jury was impaneled and sworn, and found by their verdict that Mrs. McMurray was entitled to $150. damages, and judgment was entered upon the verdict, over objections of defendant. Defendant comes here on writ of error.

The first point of error raised is that the State Road Commission had no authority to file its petition under section 31, chapter 6, Acts, 1923, for the reason that it had not requested the county court to procure the right of way in question as provided by statute. This section provides that "If any county court fails or refuses to obtain any right of way necessary for the purpose of constructing * * * or altering any state road within thirty days after being requested so to do by the state road commission, then the state road commission may secure such right of way in the manner * * * provided and pay for the same out of the state road fund, which fund shall be reimbursed by the county court of the county in which such right of way is obtained." The petition alleges that additional right of way over lands of Georgia McMurray is necessary in the improvement of said highway, that the same has not been obtained from said land-owner by the county court in any manner whatsoever, and that said proceeding to assess damages is necessary as authorized by sections 31 and 138, chapter 6, Acts, 1923. These allegations necessarily imply that

the county court has failed to act. The law presumes that the said commission as any other suitor comes into court qualified to sue until the contrary be shown. *Road Commission* v. *Young,* 100 W. Va. 394. This point was raised for the first time in this Court, and in view of the state of the pleading it is without merit.

The second point of error goes to the sufficiency of the petition. The objections urged are that the leinors, if any are not made parties, and further that the petition does not state for what purpose the estate so taken is to be appropriated, the necessity for such taking, and that it will be devoted to public use. As to the first proposition, section 138, chapter. 6, Acts, 1923, provides that in condemnation proceedings, for road purposes, the object is "to ascertain what will be a just compensation, if any, to each proprietor or tenant for the land proposed to be taken." In this respect it differs from the provision of section 4, chapter 42, Code, governing ordinary condemnation proceedings. This statute (Sec. 138, ch. 6, Acts, 1923), has been substantially in effect since the Acts of 1872-73. It was construed in *Keystone Bridge Co.* v. *Summers,* 13 W. Va. 476, to the effect that it was unnecessary to give notice thereof to any person having liens on the land taken, or to any claimants to such land, other than the tenant in possession of the land as visible owner. The latter part of sec. 138, Ch. 6, under which this land was taken for road purposes, uses the words "owner or owners" in addition to the words "proprietor or tenant." However, we are not called upon to decide this point, since it was not called to the attention of the trial court, and was thereby waived. The second proposition is disposed of in *Huntington* v. *Holding Co.,* 85 W. Va. 241. There it was held that a petition which alleges that the lands are to be used for widening a certain street, which when so widened will be used as a public street, and that the lands are necessary for that purpose, sufficiently alleges that the lands are necessary for that purpose, the public character of the use, and the necessity therefor. The petition here makes like allegations in reference to the highway to be constructed and improved.

The third point of error is that the report does not show that the commissioners were sworn before they went upon the land to assess the damages. While the statute (Sec. 12, Chap. 42, Code) provides that the commissioners shall take an oath before entering upon their duties that they will honestly and impartially perform their duty as such commissioners, section 138, chapter 6 of the Acts, 1923, under which the commissioners here were acting does not so provide. However, it is to be implied that such oath must be taken in order to give validity to their act. The statutes governing condemnation proceedings concerning the oath of commissioners and witnesses, and form of report of commissioners should be observed. While the report here, averring their appointment and their duties, and the nature of their action thereunder, does not make a specific statement that they were sworn, in the absence of proof to the contrary it will be presumed that they were sworn. The exception here was not accompanied by any proof. The rule is that the finding of commissioners appointed in eminent domain proceedings to assess damages is not to be disturbed "unless good cause be shown against it" (Sec. 17, Ch. 42, Code) by clear proof. *Appalachian Power Co.* v. *Johnson,* 137 Va. 12. Had the report shown on its face that the commissioners were not sworn, then the exception would have been well taken. When exceptions are taken aliunde of the report, they must be accompanied by proof in order to be effective.

Another point raised is that the commissioners gave no notice to the defendant of the time that they entered upon her land to assess the damage thereto. True, we have held that while the statute does not provide for notices in the assignment of dower and partition of lands, yet notice is implied. *Ross* v. *Ross,* 72 W. Va. 642; *Wamsley* v. *Coal & Lumber Co.,* 56 W. Va. 296. In this case the defendant, although served with notice that commissioners would be appointed for the purpose of assessing damages to her land, made no appearance until after the report of such commissioners had been filed in the circuit court. Where the land owner evidences the fact that each step of the proceeding is to be contested, in the interest of justice we believe notice should be given. But here the defendant took no interest in the selec-

tion of the commissioners, and by her non-appearance evinced an intention not to contest. Then, the property here taken was a part of a tract of less than an acre on which the defendant lived and conducted a store, and she doubtless knew of the presence of the commissioners at the time they performed their functions under their appointment.

During the progress of the trial divers exceptions were made by the defendant to the remarks of the court in the presence of the jury, which she claims were highly prejudicial to her. We have given this point of error raised a careful examination. Considering the excerpts of these remarks set out in the bills of exceptions in their proper settings in the testimony, we cannot say that the jury was influenced to the prejudice of the defendant. The only remark relied on by counsel in the brief concerns the location of the old survey. In reply to a question asked by one of the jurors: "Isn't there any way of knowing where the exact center of the old survey is?" The court said: "Where it is not shown by actual survey, then the center of the traveled way the law says is the center". We find that there is no exception taken on the record to this remark. However, it appears by the bill of exceptions that while the same witness was being examined that the court did say: "The witness is fixing an arbitrary line there that he calls the line of the old road. The court has ruled three or four times that the statute fixes that, and the men who worked the road go over from the center of the traveled road, they measure it each way. That is paramount to the statement of the witness." Here the counsel for Mrs. McMurray said: "That is one side's evidence, but we are—" when the court interjected: "It is no use to discuss it with this court. The court holds that the statute is paramount above the testimony of this witness on that question. The traveled road is the place; the men who work the road are required to go by the statute and not by what he would say the line is. That is the difference." Standing alone this might be considered an erroneous instruction on the law given orally to the jury by the court. But the court continued: "The law fixes how the road superintendent or makers of the road shall regard a road of this kind that has been in use for ten years."

This latter statement modified the statements complained of, and is in accord with section 3, chapter 43, Code, which provides, that ''Any road shall be conclusively presumed to have been so established when it has been used by the public for a period of ten years.   *   *   *   In the absence of any other mark or record, the center of the traveled way shall be taken as the center of the road.'' We cannot emphasize too strongly the rule we laid down in the case of *Road Commission* v. *Young, supra,* to the effect that the jury in this class of cases is the trier of the facts at issue, and that the trial judge should refrain from expressing, in any manner, in its presence, his personal views upon the weight of evidence. We cannot see here, however, taking the remarks complained of as a whole, as in the *Young Case,* that any injury has resulted to the defendant therefrom.

The oath taken by the trial jury is objected to as insufficient. They were sworn to try and determine what would be a just compensation for the real estate sought to be taken in these proceedings upon an appeal from an award of five commissioners selected in the manner provided by law to go upon the premises and assess the compensation and damages to be paid the land owner, as well as the damages to the residue of the real estate belonging to the defendant beyond the peculiar benefits which will be derived in respect to such residue from the work to be constructed, which is that of building a state highway, as set out in the applicant's petition herein filed. Their duty, as defined by this oath, is the same as that required of commissioners in condemnation proceedings before entering on their duties to assess damages. See Code, Sec. 14, Ch. 42. It is the usual oath administered in that class of cases in this jurisdiction. Counsel do not point out wherein it is improper and we see no objection to it.

Complaint is also made that the verdict is uncertain. The main basis of this complaint is that the petition did not comply with the statute and the report of the viewers was bad. Having held them sufficient, this complaint is robbed of much of its force. The jury in effect found what was a just compensation for the purpose of building the state highway and operating the same, of the real estate so taken as ''fully set

out and described in the applicant's petition and the commissioner's report filed herein, and to which reference is hereby made for a complete description of the real estate taken by this proceeding; and which sum * * * is for the value of the land taken by said Road Commission of West Virginia as well as for any and all damages to the residue of said real estate belonging to the said Georgia McMurray beyond the peculiar benefits which will be derived in respect to said residue from the work to be constructed.'' In the notice and map filed as exhibits with the petition, the ground to be taken and the location of the buildings affected is set out in extenso. Thus we see the land taken is susceptible of a precise location. There is no uncertainty. Verdicts are to be liberally construed and upheld, unless so defective in form as to be uncertain in meaning. *Lewis* v. *Childers,* 13 W. Va. 1; *Peters* v. *Johnson,* 50 W. Va. 644.

The final error stressed is that the verdict is contrary to the law and the evidence. The jury were fully instructed as to the law of the case. Three skilfully drawn instructions, all that were requested on behalf of defendant, embodying every phase of the law relating to the inquiry, were given to the jury. The case went to the jury on these instructions alone, as the Road Commission offered none. The verdict is supported by the majority of witnesses who testified in the case. There is a diversity of opinion among the witnesses both as to the value of the land taken and damages to the residue. Such is nearly always true in cases of this character, and courts rarely disturb the verdicts of juries in condemnation proceedings if founded upon any reasonable view of conflicting evidence as to what amount is a just compensation to the land owner, where no substantial error has been committed by the trial court in the admission or exclusion of evidence. We find no such error in this case. *Railroad Co.* v. *Bonafield,* 79 W. Va. 297.

*Affirmed.*