**MUTUAL LIFE INS. CO. OF NEW YORK
v. LATIMER et al.
No. 1186–RJ.**

District Court, S. D. California, Central
Division.

May 2, 1938.

J. R. Girling, by L. M. Wright, both of
Los Angeles, Cal., for complainant.

Joseph Musgrove, Fred O. McGirr, and
Thomas H. Cannan, all of Los Angeles,
Cal., for defendants Minnie L. Latimer
and Carol N. Sutherland.

W. I. Titus, of Los Angeles, Cal., for
defendant Security-First Nat. Bank of Los
Angeles.

JENNEY, District Judge.

This suit for a declaratory judgment
was brought by the Mutual Life Insurance
Company of New York to determine
whether the proceeds of a policy issued by
it are, in accordance with the terms of
said policy, exempt from execution by a
creditor of the primary beneficiary.

The life insurance policy in question was
issued by complainant to Howard J. Lati-
mer on August 27, 1917. On August 27,
1931, on default of the premium payment,
the policy lapsed and was converted into
extended term insurance, before the expi-
ration of which term, and on March 15,
1936, the insured died.

In the months immediately preceding his
death, Mr. Latimer executed what is known
as a request for a mode of settlement, final-
ly fixing the beneficiaries under the policy
and determining the manner in which said
beneficiaries were to receive the proceeds
of the policy, amounting to $25,000. He
provided that monthly installments payable
for twenty years certain, but, in any event
during the life of Minnie L. Latimer were
to go to his said wife, Minnie L. Latimer,
if living; if not to Carol N. Sutherland, his

daughter, if living; if not, then to any surviving children of the daughter, or if none of them survived, to the executors or administrators of the estate of the survivor of the wife and daughter.

These proceeds were to be exempt from attachment or execution by creditors of the beneficiaries. This requested mode of settlement contained the following paragraph:

"All rights shall be reserved to Minnie L. Latimer, wife of the insured, if living, if not, to Carol N. Sutherland, daughter of the Insured, if living, if not to the executors or administrators of the last survivor of said wife and said daughter, except, however, the rights to change the beneficiary and to elect or revoke a Mode of Settlement which are reserved to said wife, said daughter, and the children of said daughter, jointly, the survivors of the survivor, and after the death of the last survivor of said wife, said daughter and the children of said daughter, to the executors or administrators of the last survivor of said wife and said daughter."

On March 7, 1936, the complainant indorsed upon said policy the new beneficiaries and the new mode of settlement, as well as an extensive clause which appears on the back of the policy, under the title "Rights," and stating that: "Anything in this policy to the contrary notwithstanding, prior to the maturity of this policy, Minnie L. Latimer, wife of the Insured, one of the beneficiaries, and after the death of said wife, Carol N. Sutherland, daughter of the Insured, another of the beneficiaries and after the death of the survivor of said wife and said daughter, the executors or administrators of such survivor, another of the beneficiaries, shall, without the consent and to the exclusion of the Insured or any other beneficiary, have the right to receive, exercise and enjoy every benefit, option, right and privilege conferred by this policy or allowed by the Company except that (a) said, wife, said daughter and the children of said daughter, another of the beneficiaries, jointly, the survivors or survivor and after the death of the last survivor of said wife, said daughter and the children of said daughter the executors or administrators of the survivor of said wife and said daughter shall, without the consent and to the exclusion of the Insured, have the right to change the beneficiary, to elect a Mode of Settlement and designate payees thereunder, or to change or revoke such an election and (b) this designation of rights may be changed only upon the written request of (1) said daughter and said wife or the survivor of them or the executors or administrators of the last survivor of said wife and said daughter, jointly with (2) the children of said daughter, the survivors or survivor."

A few days later the policy, so indorsed, was delivered to the insured, examined by him, and according to uncontradicted testimony, the said indorsement was specifically approved by him.

On March 15, 1936, insured died, and on that date the insurer issued its supplemental policy or contract No. SL 41,000, providing for payment of the proceeds of the original policy to the designated beneficiaries.

Shortly thereafter suit was brought, judgment entered, and execution levied by the defendant Security-First National Bank of Los Angeles against Minnie L. Latimer. Although levy was made against the proceeds in the hands of the insurer, permission was given by the said bank to allow continued payments to the beneficiary, pending a judicial determination of the validity of the spendthrift trust provision in the supplemental contract No. SL 41,000.

The bank in this case has filed a cross-complaint predicated upon the theory that a revocable trust is not a valid spendthrift trust in California; that the original policy and Mr. Latimer's requested mode of settlement provided for rights of revocation in Mrs. Latimer; that the supplemental contract No. SL 41,000, failed to so provide; and that had it so provided, a revocable trust would have been set up, the corpus of which would not have been exempt from execution. Accordingly, the bank prays for a reformation of policy No. SL 41,000, and that the court compel Mrs. Latimer to elect to receive the proceeds thereof in a lump sum. The beneficiaries also cross-complain, asking for an injunction against any levy by the Bank against the proceeds of the policy.

A spendthrift trust is valid in California. Seymour v. McAvoy, 121 Cal. 438, 53 P. 946, 41 L.R.A. 544; McColgan v. Magee, 172 Cal. 182, 155 P. 995, Ann. Cas.1917D, 1050. See, also, Nichols v. Eaton, 91 U.S. 716, 23 L.Ed. 254. Likewise, a valid spendthrift trust may be set up as to proceeds from insurance policies. Insurance Code, § 10171, St.Cal.1935, p. 639.

No reason has been presented to the court for holding this Code section in any way invalid. In the absence of any valid attack, state statutes are presumed to be valid. West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330; Nev-Cal Elec. Co. v. Imperial Irr. Dist., 9 Cir., 85 F.2d 886; Liberty Trust Co. v. Greenbrier College, D. C., 50 F.2d 424, affirmed in 283 U.S. 800, 51 S.Ct. 493, 75 L.Ed. 1422.

The original policy, the requested mode of settlement, and the supplemental contract, No. SL 41,000, all contained in clear and unequivocal language a provision that the proceeds were to be exempt from execution.

As to the rights of revocation, the original policy stated on page 3: "The election of any of the foregoing modes of settlement may be made, (a) prior to the death of the Insured by the Insured and the beneficiary jointly; or, if the right to change the beneficiary has been reserved, by the Insured alone; or (b) upon the death of the Insured if no prior election shall have been made, by the payee."

Since the insured had made, during his lifetime, a prior election as to the mode of settlement, no right of alteration or revocation remained under the terms of the original policy to Mrs. Latimer after the insured died.

It is true that the requested mode of settlement left a right of revocation to the wife, the daughter, and the daughter's children, *jointly,* but this does not appear in the indorsement on the original policy. The indorsed clause gave the beneficiaries, before the maturity of the policy, that is, the death of Mr. Latimer, a joint right of revocation, to the exclusion of the insured. But nothing therein gave any indication that such rights were to continue on in the payees after the demise of the insured.

■ The indorsement, since it was signed by the insurer and presented to and approved by the insured, must be deemed to be the final expression of Mr. Latimer's intentions and to embody the final form of the insurance contract, into which all prior negotiations and writings must be deemed to be merged. New York Life Ins. Co. v. McMaster, 8 Cir., 87 F. 63, 30 C.C.A. 532, certiorari denied 171 U.S. 687, 18 S.Ct. 944; Restatement of Contracts, § 237. There is no showing in the evidence of a mistake sufficient to invoke the exception to the general rule indicated in Restatement of Contracts, § 238, (c). Consequently, nothing in the policy itself or in the indorsements thereon gives Mrs. Latimer now any right of alteration or revocation. There is, therefore, no reason for reforming the supplemental contract to include such a right.

■ However, assuming that the requested mode of settlement did embody the final wishes of the insured, the court is unable to see how that can aid the cause of the cross-complaining bank. By the terms of that instrument, a joint right to change existed, to be exercised with Carol N. Sutherland and her children. No reason has been advanced by the bank why this court should order a reformation of the supplemental contract, when, (1) the secondary beneficiaries, Carol N. Sutherland and her children, having definite and valuable rights in the proceeds, are not parties to the judgment under which execution has been levied; (2) the children of Carol N. Sutherland, now minors, are not parties to this suit or represented in any way before this court; (3) one class of beneficiaries, the children of Carol N. Sutherland, is still not closed, and no way is shown by which the rights of potential issue may be determined herein. Such factors cannot be ignored by a court of equity. Unless a clear means of protecting such interests is shown, the relief prayed for by the Bank must be denied.

Nothing that is said herein, however, must be construed in any way as considering the equities of the creditor's claim, suit, and judgment against Mrs. Latimer. Whatever the merits therein, that final judgment is admittedly valid, and a collateral attack thereon would be improper here.

Judgment is accordingly given for complainant. The injunction prayed by cross-complaining beneficiaries is granted. The relief asked by the cross-complaining creditor is denied. Special findings, requested by complainant, are hereby approved as modified.

It is so ordered.

Exception allowed.