Given, Judge:
 

 This proceeding in eminent domain was instituted by The Chesapeake and Ohio Railway Company, defendant in error, for the purpose of acquiring title to a lot of land situated in Huntington. Elizabeth Johnson, plaintiff in error, was the owner of the land title to which was sought to be acquired, being the rear or northerly thirty by thirty feet of Lot 4 of Block 181, Addition No. 1, in Huntington. A previous writ of error granted to the condem-nor was before this Court. The opinion disposing of the questions before the Court on that writ of error is reported in 134 W. Va. 619, 60 S. E. 2d 203. Upon the second trial to a jury, a verdict fixing the amount of just compensation to which the owner was entitled was returned, in the amount of $800.00.
 

 The several assignments of error of the landowner upon
 
 *21
 
 this writ of error are included in three propositions: (1) Was it error for the trial court to have admitted certain evidence relating to values and sales of certain properties in the vicinity of the land being condemned? (2) Was the verdict inadequate or clearly against the preponderance of the evidence; and (3) Did the court commit error in refusing to give to the jury Instructions Nos. 1, 3, 4, 5, 6, 7 and 9, or any of them, offered by the landowner?
 

 Arden Trickett, a witness for condemnor, in answer to questions propounded by the condemnor, gave testimony relating to the purchase by him, as a representative of the condemnor, of a number of properties in the vicinity of the land being condemned. The testimony disclosed that the properties were acquired by Mr. Trickett in 1947 and 1948, the location of the different properties, the price paid for each, and other pertinent facts. Included in the properties so purchased by him was the rear thirty feet of all lots other than Lot 4 in Block 181. No objection whatever was made to the introduction of any of this evidence.
 

 The landowner contends that this evidence was inadmissible and, also, that objection thereto was not necessary. Upon the former writ of error this Court held that such evidence was admissible. Upon the first trial, however, as pointed out in the prior opinion, “* * * Though damage to the residue of the land could have been shown by the defendants and benefits to accrue to such residue could have been established by the applicant, neither was in fact done or attempted by the landowner or by the applicant. In consequence no damage to the residue was involved.” Upon the second trial the landowner did attempt to prove damages to the residue, several witnesses testifying as to the amount of damages resulting unto the residue from the taking. Therefore, it is clearly apparent that the evidence was objectionable. See
 
 Baltimore and Ohio Railroad Company
 
 v.
 
 Bonafield’s Heirs,
 
 79 W. Va. 287, 90 S. E. 868;
 
 Buckhannon & Northern Railroad Company
 
 v.
 
 Great Scott Coal & Coke Company,
 
 75 W. Va. 423, 83 S. E. 1031.
 

 
 *22
 
 It is well established, however, that where evidence is permitted to go to the jury without any objection thereto, any error in the admission thereof will be deemed to have been waived. In
 
 Williams
 
 v.
 
 County Court,
 
 90 W. Va. 67, 110 S. E. 486, Point 4, syllabus, this Court held: “Error, predicated upon the introduction of improper evidence which has been permitted to go to the jury without objection or exception, cannot be considered in the appellate court.” See
 
 State
 
 v.
 
 Files,
 
 125 W. Va. 243, 24 S. E. 2d 233;
 
 State
 
 v.
 
 Driver,
 
 88 W. Va. 479, 107 S. E. 189, 15 A. L. R. 917;
 
 Colebank
 
 v.
 
 Garage Co.,
 
 75 W. Va. 389, 84 S. E. 1051. The necessity for an objection to inadmissible evidence is apparent, whether the evidence be offered on the first trial or a subsequent trial, as in the instant matter. Without an objection the trial court would have no opportunity to pass upon the admissibility of the evidence. To permit evidence to go to the jury without objection to its admissibility, is tantamount to a representation to the court that such evidence is admissible.
 

 Was the verdict inadequate or against the plain preponderance of the evidence, as it relates to the amount of just compensation to be paid to the landowner? In eminent domain proceedings the rule requiring courts to uphold verdicts unless clearly against the plain preponderance of the evidence, is applied with more forcefulness than in other proceedings. “In cases of this character, courts rarely disturb verdicts of juries, if founded upon any reasonable view of conflicting evidence as to what amount is a just compensation for the owner, proprietor or tenant of lands, where no substantial error has been committed by the trial court in the admission or exclusion of evidence.” Point 8, syllabus,
 
 Road Commission
 
 v.
 
 McMurray,
 
 103 W. Va. 346, 137 S. E. 530;
 
 County Court
 
 v.
 
 Coal Co.,
 
 105 W. Va. 321, 142 S. E. 430.
 

 Testimony of seven witnesses of the landowner related to the market value of the property taken, at the time of the taking, or damages to the residue. The landowner testified to the effect that the then market value of the land taken was $2,700.00; that the amount of damages to
 
 *23
 
 the residue was $1,500.00; and that the garage building situated upon the property taken, at the time of the taking was renting for $5.00 per week. One witness testified to the effect that the reproduction cost of the garage building was $1,950.00 to $2,000.00, and that proper depreciation on the garage building was $250.00. One witness gave, as his opinion, that the market value of the property taken was $3,000.00, and another placed the market value of the property taken at $2,500.00. The three other witnesses gave as their opinions that the amount of just compensation to which the owner was entitled was $4,000.00, $4,100.00 and $4,000.00, respectively.
 

 Testifying on behalf of the condemnor, Arden Trickett stated, in effect, that the amount of just compensation to which the landowner was entitled, including the market value of the property taken and any damages to the residue, was $800.00. Grady Risen, a real estate broker of the City of Huntington, gave, as his opinion, that the amount of just compensation, including the market value of the property taken and damages to the residue, was $660.00, and “broke that down into land at 360 and the building at 300.” The landowner, on cross-examination, stated, in effect, that she purchased Lot No. 4 about three years before the date of the taking for $3,700.00, and that the seven room dwelling and the garage building were on the lot at the time of the purchase, and included in that purchase. As to whether such evidence may be considered, see
 
 Guyandot Valley R’y. Co.
 
 v.
 
 Buskirk,
 
 57 W. Va. 417, 432, 50 S. E. 521, 110 Am. St. Rep. 785.
 

 It should be noted that the jury viewed the premises. Although the garage building had been removed from the lot at the time of the view, the jury undoubtedly obtained actual knowledge of the lot taken, its relation to other properties in the immediate vicinity, the general character of, the vicinity as affecting values, any peculiar or observable damage to the residue, and other pertinent matters. “Such a view is for the purpose of informing the jurors upon any pertinent inquiry being made in the trial of the case, and the things which they observe upon
 
 *24
 
 such view, so far as they are pertinent to show anything proper to be proved, are to be considered by them the same as any other evidence introduced in the case.” Point 3, syllabus,
 
 State
 
 v.
 
 McCausland,
 
 82 W. Va. 525, 96 S. E. 938.
 
 Frampton v. Consolidated Bus
 
 Lines, 134 W. Va. 815, 62 S. E. 2d 126. See also an excellent article by Dean Hardman, “The Evidentiary Effect of a View”, 53 West Virginia Law Review 103.
 

 In our view there is present no reason or circumstance necessitating disregard of the testimony of any witness. The basis of the testimony of the witnesses for the con-demnor is as reasonable and forceful as that of the witnesses for the landowner. Nothing in the record, and nothing within common knowledge, requires us to disbelieve any witness. The jury saw and heard the witnesses testify and believed the witnesses for condemnor, or, at least, did not believe the witnesses of the landowner. We can not say, and can not see, that the finding was plainly wrong. True, a greater number of witnesses testified in behalf of the landowner, but, as often pointed out, preponderance of evidence does not depend upon the number of witnesses testifying. If it did, every proceeding could become a race between the parties to the litigation for the greater number of witnesses, rather than a search for the truth. Evidence of the landowner that she paid only $3,700.00 for the entire property, the lot thirty by one hundred and eighty-five feet, the seven room dwelling, and the garage building, only three years prior to the date of the taking, probably greatly limited the weight given by the jury to the opinion evidence of the witnesses of the landowner. Again, that would be a matter for the jury, not the court. In the circumstances detailed, we can not say that the amount of the verdict returned by the jury does not constitute adequate compensation for the property taken, and damages to the residue, or that the evidence of the landowner relating to just compensation clearly preponderates.
 

 One instruction was offered and given on behalf of the condemnor, without objection. It stated the purpose of
 
 *25
 
 the proceeding, described the property sought to be acquired, told the jury that the true measure of compensation to be paid the property owner for the property taken was the market value thereof at the time of the taking, defined “market value”, and told the jury that the burden of proof was upon the landowner to show, by a preponderance of all the evidence, the true market value’ of the land taken, at the time of the taking, and the difference between the market value of the residue not taken, immediately before and immediately after the .taking. As will be pointed out later, some of the instructions offered by the landowner and refused, were covered by this instruction.
 

 Instruction No. 1 of the landowner reads: “The court instructs the jury that in ascertaining the damages to defendant’s building it was proper to take into consideration its value, the more valuable it was the greater would be the damage to it; and, in ascertaining its value, evidence of the original cost of its construction
 
 could
 
 properly be considered, notwithstanding it had been built some years before this proceeding was instituted, but the probative value of such evidence, depends upon the extent of deterioration of the building, if any, and the comparative cost of labor and material now, and at the time the building was erected. It was proper to consider its rental value as a circumstance in
 
 determing
 
 its actual value.” We assume this instruction was offered in an attempt to inform the jury as to the proper method of determining “market value” of the property taken, as enhanced by the garage building, although the word “building”, as it appears in the context, could refer to the dwelling or to some other building. Also, “damages” are alluded to, rather than the amount by which the garage building enhanced the value of the property taken. There could have been no “damages” to the garage building involved, for it was a part of the property taken. In condemnation proceedings the just compensation to which the owner is entitled for property taken is the “market value” of the whole property, at the time of the taking.
 
 *26
 
 See
 
 Guyandot Valley R’y. Co.
 
 v.
 
 Buskirk, supra;
 
 6 M. J., Eminent Domain, Section 42.
 

 Landowner’s Instruction No. 3 would have told the jury that notwithstanding damages to the residue, the owner was entitled to the difference between the market value of the residue at the time of the taking and the market value thereof immediately after the taking. It was covered by the instruction given on behalf of the condemnor. Instructions Nos. 4 and 5 of the landowner related to the method of determining market value and were sufficiently covered by the instruction given on behalf of the con-demnor. Instruction No. 6 of the landowner would have told the jury “that the opinion of persons residing near the property, and who have known of it for a considerable period of time, though not dealers in real estate, nor specially informed as to price, is admissible evidence on the question of its value.” Though opinion evidence of market value as to property being acquired in condemnation proceedings is received with great liberality, a witness must show some knowledge of values before his opinion may be received. Mere residence in the immediate vicinity of the property of a witness who has “known of it for a considerable period of time” does not show any knowledge of the value of the property. See
 
 Railroad Co.
 
 v.
 
 Coal Co.,
 
 75 W. Va. 423, 83 S. E. 1031. Another vice of this instruction is that it would have permitted the jury to consider testimony of any “value”, not merely “market value”. The landowner was not entitled to receive as just compensation some enhanced or speculative value, the value of the property to her, or the value the property may have had to the condemnor in connection with the proposed project. See
 
 Guyandot Valley Railway Co.
 
 v.
 
 Buskirk, supra.
 
 There was no prejudicial error in the refusal to give to the jury Instruction No. 7 of the landowner. It would have told the jury that “in fixing damages to which the defendant was entitled, they should take in consideration that the plaintiff would be entitled to occupy the entire right of way * * The property was being acquired in fee simple, not merely a right of way
 
 *27
 
 over or through the same, and no question as to the right of the condemnor to use the entire lot could have been involved. The landowner’s Instruction No. 9 related to reproduction costs of the garage building situated on the property taken. It was sufficiently covered by Instruction No. 8, given on behalf of the landowner.
 

 Finding no prejudicial error in the judgment of the circuit court, it is affirmed.
 

 Affirmed.